NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
February, 1880.

FREEMAN *v.* FREEMAN.

*In the matter of the estate of* LORRAIN FREEMAN, *deceased.*

An insolvent executor's promissory note held by the estate, must be deemed an asset, because his commissions as executor, when allowed, must be applied to the liquidation of his indebtedness.

Executors are entitled to commissions only on the settlement of their accounts, and the allowance thereof by the Surrogate. If, before such settlement and allowance, they withdraw any sums by way of commissions, they are chargeable with interest on the amounts withdrawn, from the date of the withdrawal to the date of the decree.

Compound interest is only allowable in cases of gross delinquency, or intentional violation of duty.

The testator gave to his executors the sum of $4,000 in trust, to invest in bond and mortgage on real estate in the city of New York, or *its vicinity,* and to apply the income thereof to the use of J., during life. The executors, with J.'s consent, took a mortgage on the testator's dwelling-house in New Jersey, which, by his will, he devised to his daughter, and directed that it be valued at $8,000. The will was not recorded in New Jersey, and the interest remained in arrears for several years. *Held,* that as the executors had acted in good faith, they were not chargeable with compound interest on the amount so invested; that the defect of title through failure to record the will could be remedied by a subsequent record of the same.[*]

Upon the non-payment of the interest on this mortgage, the executors paid the same out of the general funds of the estate. *Held,* that as the

---

[*] It will be observed that the objection taken was not as to the *fact* of the loan outside of the State. Whether a New York trustee may invest outside of the State there may be doubt. [*Rep.*]

mortgage had been set apart for the benefit of J., pursuant to the will, it became a separate trust, and the general fund could not be used to supply any loss of the income or principal thereof.

*It seems,* that as between life tenants and remaindermen, the former are usually chargeable with temporary repairs and ordinary taxes, but assessments are chargeable either wholly to the interest of the latter, or are apportionable according to their respective interests. But funeral expenses are not chargeable to the life tenant.

MOTION to confirm auditor's report on accounting of executors. Exceptions were filed, as follows: On behalf of the executors, David M. Kellogg and Edgar Williams, for that he finds that the amount of E. M. Freeman's promissory note of $250, and D. M. Kellogg's promissory note of $1,000, to the decedent, should be stricken out of the schedule of uncollectible debts, and credited in the statement of assets on hand; and for that the report charges them interest on sums withdrawn as commissions, from the dates when they were severally withdrawn to the date of the account.

On behalf of the general guardians of Laura R. and Ida M. Freeman, children of decedent, for that the auditor finds that the executors are not charged with compound interest upon sums loaned by them upon two certain mortgages of $4,000 and $1,000, respectively, on real estate in New Jersey, the interest upon which is in arrear; for that they are not charged with the amounts paid by them from the general funds of the estate, to a sister of decedent, for whose benefit they set apart the $4,000 mortgage, in execution of their trust for her under the will, the interest upon which is so in arrear; and that they are not charged with said mortgages as improper investments, and particularly with the $4,000 mortgage, because the borrower had no title of record to the property, and because they have not foreclosed or

collected interest upon them; and on behalf of grand-children, who are remaindermen, that the auditor, in his calculation of the net income of the estate, between certain dates, should have deducted from the gross income the ordinary repairs and assessments upon the real estate, and the funeral and other expenses set forth[1] in schedule C, part 1, of the account, and charged the same in whole or in part to the income account.

On behalf of the executor, Edward M. Freeman, and, of Lorrain C. Freeman, sons and legatees, it was urged that a further account, and a final distribution of the estate, should now be directed.

Decedent died on the 22d day of September, 1875. The notes are dated February 20 and August 30, 1875, respectively. The makers were then, and have since continued to be, insolvent. They are both executors of this will.

By the tenth clause of his will, he gave to the executors the sum of $4,000 in trust, to invest the same on bond and mortgage of real estate in the city of New York, or its vicinity, and to keep the same so invested during the life of his sister, Julianna, and apply the interest and income thereof to her use half yearly, or quarterly, as long as she might live, and at her decease, the principal was to revert to and form part of his residuary estate.

In May, 1877, the executors loaned to Amy H. Kellogg, a daughter of decedent, the sum of $4,000 on a bond and mortgage, drawing interest at seven per cent., payable semi-annually, on real estate at Woodbridge, N. J., being his "dwelling-house and land," which, by the third clause of his will and the preamble of the codicil, he devised to her, and directed that it be valued at

$8,000, as a part of her share of his estate on the division thereof. Previous to making this loan, they caused a search for deeds, mortgages, judgments, &c., against the mortgagor, to be made, and again in February, 1879, when they caused the mortgage to be recorded, and found none. Of this property, the testator executed a deed to her, which was found among his papers, and which he directed his executors to deliver to her. This they failed to do. Neither the deed nor the will were recorded in the county where the property covered by the mortgage was situated. This bond and mortgage, the executors set apart for the benefit of the said Julianna, in execution of their trust, under the said tenth clause of the will, she not dissenting. The mortgagor has not paid the interest on it since November, 1877. The executors have since paid the said Julianna the amount of interest due by it out of the income of the estate. The share of the income of Amy, as residuary legatee, not distributed, is sufficient to pay the interest over due.

The $1,000 mortgage was paid off pending these proceedings.

Between August 1, 1876, and May 23, 1878, each of the executors withdrew various sums, as commissions, the interest on which, from the times they were severally withdrawn, amounts to $674.50.

N. REEVE, *for executors Kellogg and Williams.*

CHAS. M. EARLE, *for executor Edward M. Freeman.*

THE SURROGATE.—The exception of the executors, Kellogg and Williams, respecting the uncollected notes of Freeman and Williams, above referred to, cannot be

sustained, for the reason, first, that such notes must be regarded as assets in the hands of the executors (3 *R. S.*, 91, § 14, 6 ed.) ; and, second, because each of said executors appears to be entitled to commissions, exceeding the amount of their respective notes, and it will be their duty to apply such commissions, when allowed, towards the payment of such indebtedness ; hence the proceeds of those notes, though the makers are insolvent, will become assets in the executors' hands. The case would have presented a question of more embarrassment, if the commissions had been insufficient to pay the notes, for while the statute provides that such indebtedness shall be regarded as assets in the hands of the executors, yet it is quite clear that the other executors ought not to be charged therewith, when they have been unable to realize the same, by reason of the insolvency of the makers. The proper mode, therefore, of stating the account, would be to enter the claims as uncollected and uncollectible, except by application of the commissions to be allowed.

The exception, by the same parties, to the charge of interest on sums withdrawn, must be overruled, because, by 3 *R. S.*, 101, section 71 (6 ed.), the executors were only entitled to commissions on the settlement of their account, and the allowance thereof by the Surrogate thereon. They must be held, therefore, to have improperly appropriated the funds of the estate to their personal use, and to be chargeable with interest thereon, from the time of such misappropriation to the time of entering the decree, when the appropriate allowances may be made, and provision made therewith, to liquid-

ate any indebtedness of the respective executors to the estate.

The exception of the general guardians to the finding of the auditor, refusing to charge the executors with compound interest upon the sums loaned upon two mortgages upon real estate in New Jersey, one for $4,000 and another for $1,000, it appearing that the interest is in arrear, cannot be sustained under the facts of the case. It appears that the mortgage for $4,000 is upon property devised to decedent's daughter, Amy H., estimated by him to be worth $8,000. There is no other evidence in the case as to the value of the property. It also appears that, pursuant to the terms of the will, the mortgage was set aside and held in trust for decedent's sister, and that the $1,000 mortgage has been paid with interest, to the executors, pending this proceeding. Without regard to the provision of the will that the executors should invest the said $4,000 on bond and mortgage on real estate in the city of New York or its vicinity, I am of the opinion that the executors, having acted in good faith, and with proper prudence, were entitled to make the loan upon adequate security upon real estate in the state of New Jersey. For though the executors may have been remiss in not recording the will, yet as there is no real defect in the title that record may now be made, and provision therefor may be inserted in the decree. Besides, compound interest is only allowable in cases of gross delinquency, or intentional violation of duty. (*Redf. Surr. Pr.*, 400 ; Tucker *v.* McDermott, 2 *Redf.* 312.)

The exception to the refusal of the auditor to charge the executors with sums paid out of the general funds of

the estate to the sister of decedent, because of the non-payment of interest on the $4,000 mortgage set apart for her, should, in my opinion, be sustained, though the auditor finds, in substance, that the mortgagor has sufficient interest undistributed in the estate to pay the interest in arrear. If this mortgage, as seems to be conceded, was set apart for the benefit of decedent's sister, pursuant to the terms of the will, it became a separate trust, and the balance of the estate could not be used, either to pay the interest thereon or supply any loss of the principal. The executors had, therefore, no right to use the general funds of the estate to supply the deficiency of income from such mortgage. They should be charged therewith, with leave to retain sufficient of the interest of the mortgagor in this estate, to reimburse them.

The next exception to the refusal of the auditor to charge the executors, for the alleged improper investments in the mortgages mentioned, has been sufficiently considered, and should be overruled.

The exception in behalf of the grandchildren, remaindermen, that in the computation of the net income, between July 15, 1876, and July 15, 1878, the auditor neglected to charge to the income account ordinary repairs and assessments upon the real estate, and the funeral and other expenses, does not seem to me to be material, for the reason that that computation was only made for the purpose of ascertaining the shares of Edward M. and Lorrain C. Freeman, which, under a prior agreement should go to Mrs. Dixon, and when those sums shall be paid, the repairs, assessments, &c., would seem to be properly chargeable to the body of the estate, as, under the eleventh clause of the will, no division

of the residuary estate would appear to be contemplated until after the death of the beneficiaries provided for in the preceding clauses of the will.    Hence, the expenses referred to would seem to be properly chargeable upon the body of the estate, although temporary repairs and ordinary taxes are usually chargeable to the life tenant, and assessments are either chargeable wholly to the interest of the remaindermen, or apportioned according to their respective interests.    But why the life tenants should be charged with the funeral expenses, is not appreciated.    This exception should be overruled.

With the modification above suggested, the auditor's report should be confirmed.

Ordered accordingly.