NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1884.

## U. S. TRUST CO. v. BIXBY.

*In the matter of the judicial settlement of the account of* FRANCIS M. BIXBY, *administrator, and* MARY L. MEYER, *administratrix of the estate of* JOHN S. MEYER, *deceased.*

The commissions to which an executor or administrator may become entitled, under R. S., part 2, ch. 6, tit. 3, § 58, are to be allowed to him "on the settlement of his account." He is, therefore, chargeable with interest on sums appropriated by him in payment of his commissions in advance of an allowance by the Surrogate.

The administration of decedent's estate was nearly completed in March, 1876. In January, 1878, the administrator deposited the cash assets, $1,763.48, to his own credit in his own bank, where they remained mingled with his own funds, and drew no interest. Upon his accounting in 1884,—

*Held*, that he was accountable for interest on the deposit, whether he should be deemed to have appropriated the sum as commissions, or to have held it as funds of the estate,—in the latter case, because of his unreasonable delay in making an advantageous disposition thereof ; but that, as the amount, from its size, did not invite favorable investment, the rate should be three and one half per cent.

Where an administrator received moneys belonging to the estate, after filing his account, and pending proceedings for the settlement thereof, it was,—notwithstanding delay in the conduct of those proceedings for which he was not specially responsible,—

*Held*, that he should not be charged with interest on the same, he being justified in keeping the same in readiness for a response to a demand for their production.

MOTION to confirm report of referee upon judicial settlement of administrators' account. The facts appear sufficiently in the opinion.

W. A. W. STEWART, *for U. S. Trust Co., special guardian.*

A. LAMONT, *for next of kin.*

FREDERICK SMYTH, *for administrators.*

THE SURROGATE.—The account of the administrator and administratrix of this estate shows that they have in their hands a balance of $2,918.38.

I am asked to determine whether, under the circumstances disclosed by the evidence, they are chargeable with interest upon that amount or upon any portion thereof.

It appears by the testimony that, in March, 1876, the business of administering this estate was nearly completed. Its cash assets then amounted to about $1,763.48. It had, besides, an unsettled claim which, in February, 1882, was compromised with the sanction of the Surrogate, and from which the administrator received, in March, 1882, the sum of $1,147. There subsequently came to his hands from another source $8.70. The aggregate of these three sums constitutes the balance wherewith the accounting parties charge themselves.

On January 25th, 1878, the aforesaid sum of $1,763.48 was deposited by the administrator to his own credit in the Irving Bank. It was there mingled with his own funds, from which it has never since been separated. The testimony shows that he at no time received any interest from this deposit. Whether the balance to his credit has ever fallen below that amount is not disclosed, but he testified that his check for the full sum would have been honored at the bank whenever presented. He seems to have thought that, though it was yielding no income for the estate, he was at liberty to retain it on private deposit because it was but slightly in excess of the sum awardable as administrator's commissions, and as probable expenses of an accounting whenever such accounting should take place.

It is provided by the Revised Statutes, part 2, ch. 6, tit. 3, § 58 (*3 Banks, 7th ed., 2303*) that, "*on the settlement of the account*" of an executor or administrator, he shall be allowed for his services certain commissions.    It has been repeatedly held that such an officer is chargeable with interest on sums appropriated by him in payment of commissions in advance of their allowance by the Surrogate (Freeman v. Freeman, *4 Redf., 211;* Whitney v. Phœnix, *4 Redf., 195 ;* Wheelwright v. Rhoades, *28 Hun, 57 ;* In re Bogart, *N. Y. Surrogate Decisions*, 1882, *p. 184 ;* In re Cushman, *N. Y. Surrogate Decisions*, 1883, *p. 544*).

If, therefore, the withdrawal by the administrator of the $1,763.48, and his deposit of that sum to his private account is to be deemed an appropriation by him of his commissions, it is clear that he should be held accountable for interest thereon.    And, on the other hand, if he is not to be regarded as having practically transferred these funds to himself under a claim of right, but rather as having held them as estate funds to be accounted for, then he is chargeable with interest for having failed since January 25th, 1878, to make such use of them as would result in some advantage to this estate (Dunscomb v. Dunscomb, *1 Johns. Ch., 508 ;* Gilman v. Gilman, *2 Lans., 1 ;* Hasler v. Hasler, *1 Bradf., 248 ;* Harrington v. Libby, *6 Daly, 259*).

Interest, however, should be calculated at less than the legal rate.    The fund in the administrator's hands was so small as not to invite very favorable investment. Under all the circumstances, he would, I think, have discharged his full duty if he had kept it on deposit in one of the trust companies of the city.    The

interest may be computed at three and one half per cent. (Livermore v. Wortman, *25 Hun, 341*).

Upon the sums which have come to the administrator's hands since the account was filed, I decline to hold him chargeable with any interest whatever. The administrator does not seem to have been specially responsible for delay in the conduct of the proceedings, and was justified in keeping those sums where he could produce them at once in response to a demand for their production.

The circumstances attending the management of this estate have been somewhat peculiar. The duties of the administrator have been laborious and embarrassing. He found the affairs of the decedent in great confusion. Mr. Meyer was a builder, and left many unfinished contracts which the administrator was authorized to complete.

In the conduct of his trust, it appears by his testimony that, from time to time, he made considerable advances of money. He claims that an interest account between himself and the estate would show a balance in his favor. The extent of those advances and the time when they were made do not appear in the evidence taken by the referee. In view of the fact that the administrator has been admittedly diligent and faithful in the discharge of his duties he will be afforded opportunity, if he wishes it, of establishing his claim in this regard.

If he does not care to avail himself of this permission, an order may be entered confirming the report of the referee, except as hereinbefore modified.