Estate of Meyer.

## N. Y. SURROGATE'S COURT.

In the Estate of JOHN S. MEYER, deceased.

*Executors and administrators — Their commissions, how and when allowed — When chargeable with interest.*

It is provided by the Revised Statutes (*part 2, chap. 6, title 3, art. 3, sec. 58* [3 *Bank's 7th ed.*, 2303]), that "*on the settlement of the account*" of an executor or administrator he shall be allowed for his services certain commissions.

Such officer is chargeable with interest on sums appropriated by him in payment of commissions in advance of their allowance by the surrogate.

Where an administrator, in January, 1878, deposited to his own credit in a bank certain moneys belonging to the estate, where they were mingled with his own funds:

*Held,* that if the withdrawal of such moneys by the administrator and his deposit of that sum to his private account is to be deemed an appropriation by him of his commissions, he should be held accountable for interest thereon.

And if he is not to be regarded as having practically transferred these funds to himself under a claim of right, but rather as having held them as estate funds to be accounted for, then he is chargeable with interest for having failed, since January, 1878, to make such use of them as would result in some advantage to the estate.

*June,* 1884.

ROLLINS, *S.*—The account of the administrator and administratrix of this estate shows that they have in their hands a balance of $2,918.38.

I am asked to determine whether, under the circumstances disclosed by the evidence, they are chargeable with interest upon that amount or upon any portion thereof.

It appears by the testimony that, in March, 1876, the business of administering this estate was nearly completed. Its cash assets then amounted to about $1,763.48. It had, besides, an unsettled claim which, in February, 1882, was compromised with the sanction of the surrogate, and from which the administrator received, in March, 1882, the sum of $1,147. There subsequently came to his hands from another source eight dollars and seventy cents. The aggregate of these three sums constitutes the balance wherewith the accounting parties charge themselves.

On January, 25, 1878, the aforesaid sum of $1,763.48 was deposited by the administrator to his own credit in the Irving Bank. It was there mingled with his own funds, from which it has never since been separated. The testimony shows that he at no time received any interest from this deposit. Whether the balance to his credit has ever fallen below that amount is not disclosed, but he testified that his check for the full sum would have been honored at the bank whenever presented. He seems to have thought that, though it was yielding no income for the estate, he was at liberty to retain it on private deposit because it was but slightly in excess of the sum awardable as administrator's commissions, and as probable expenses of an accounting whenever such accounting should take place.

It is provided by the Revised Statutes (*part 2, chap. 6, title 3, art. 3, sec. 58* [3 *Banks' 7th ed.*, 2303]) that "*on the settlement of the account*" of an executor or administrator he shall be allowed for his services certain commissions. It has been repeatedly held that such an officer is chargeable with interest on sums appropriated by him in payment of commissions in advance of their allowance by the surrogate (*Freeman* agt. *Freeman*, 4 *Redf.*, 211; *Whitney* agt. *Phœnix*, 4 *Redf.*, 195; *Wheelwright* agt. *Roades*, 28 *Hun*, 57; *In re Bogart, Surrogate's Decisions*, 1882, *p.* 184; *In re Cushman, Surrogate's Decisions*, 1883, *p.* 544).

If, therefore, the withdrawal by the administrator of the

$1,763.48, and his deposit of that sum to his private account is to be deemed an appropriation by him of his commissions, it is clear that he should be held accountable for interest thereon. And, on the other hand, if he is not to be regarded as having practically transferred these funds to himself under a claim of right, but rather as having held them as estate funds to be accounted for, then he is chargeable with interest for having failed since January 25, 1878, to make such use of them as would result in some advantage to this estate (*Dunscomb* agt. *Dunscomb*, 1 *Johns. Ch.*, 508; *Gilman* agt. *Gilman*, 2 *Lans.*, 1; *Hasler* agt. *Hasler*, 1 *Brad.*, 248; *Harrington* agt. *Libby*, 6 *Daly*, 259).

Interest, however, should be calculated at less than the legal rate. The fund in the administrator's hands was so small as not to invite very favorable investment. Under all the circumstances, he would, I think, have discharged his full duty if he had kept them on deposit in one of the trust companies of the city. The interest may be computed at three and one-half per cent (*Livermore* agt. *Wortman*, 25 *Hun*, 341).

Upon the sums which have come to the administrator's hands since the account was filed I decline to hold him chargeable with any interest whatever. The administrator does not seem to have been specially responsible for delay in the conduct of the proceedings, and was justified in keeping those sums where he could produce them at once in response to a demand for their production.

The circumstances attending the management of this estate have been somewhat peculiar. The duties of the administrator have been laborious and embarrassing. He found the affairs of the decedent in great confusion. Mr. Meyer was a builder and left many unfinished contracts which the administrator was authorized to complete.

In the conduct of his trust it appears by his testimony that from time to time he made considerable advances of money. He claims that an interest account between himself and the estate would show a balance in his favor. The extent

of those advances and the time when they were made do not appear in the evidence taken by the referee. In view of the fact that the administrator has been admittedly diligent and faithful in the discharge of his duties he will be afforded opportunity, if he wishes it, of establishing his claim in this regard.

If he does not care to avail himself of this permission, an order may be entered confirming the report of the referee, except as hereinbefore modified.