The surrogate’s opinion was as fallows :
Coffin, S.
On the facts stated, the question arises as to *557 whether the position of the petitioner, as assignee of accrued and accruing commissions, is such as to entitle him to be heard in the matter. Before the Code, this court could decree payment only to a party, and not to the assignee of a party; but now, by § 2743 of that act, it may decree payment to the creditors, legatees, next of kin, husband or wife of the decedent or their ■assigns. Now, as the petitioner is not the assignee of any of these, the court had no power to decree payment to him of any commissions that might, under any circumstances, ha-ve been ■awarded to his deceased client.
It seems to be well settled that a mere executor is not a person interested so as to disqualify him from testifying to transactions or communications had with the' deceased, under § 829 of the Code. Loder v. Whelpley, 1 Dem., 368-377; affirmed 111 N. Y., 239; 19 St. Rep., 631.
The commissions are given by statute as compensation for services, and do not accrue to the executor as a gratuity by force of the will. It therefore seems that the petitioner is not a person interested in the estate under subdivision eleven of § 2514. Had he been informed of the pending accounting proceeding in time, he could not have made himself a party to the proceeding under § 2731 because he was not a creditor or person interested in the estate, nor was he such a “ necessary party ” as is contemplated by § 2743. It would therefore seem that he is not in a position to make this application.
It is strongly urged by counsel for the executors that the commissions of an executor are not assignable, especially in advance of work to be done, and many cases are cited to sustain this view; but it will be observed that all such cases relate to salaries or fees of public officers. Bliss v. Lawrence, 58 N.Y., 442; Bowery Nat. Bank v. Wilson, 122 N. Y., 478, 482, 34 St. Rep., 43, and many other cases cited. But an executor is not a public officer. His office does not concern the public. Jacobs in his Law Dictionary, title Office, says that every man is a public officer who hath any duty concerning the public. Here the office is clearly a private one with which the public has no concern, and no question of public policy is involved. Hence the cases cited by the learned counsel have no application, and the commissions accrued and to accrue seem to have been assignable.
But it appears that Harry F. Worthington was entitled to no commissions on the corpus of the estate, the value of the personalty being several hundreds of thousands of dollars, because of his removal before the completion of his duties. Matter of Hayden, 54 Hun, 197; 26 St. Rep., 911, and cases cited. It is said in the principal case that “ if, for any reason, the trustee does not perform the duty, his right to the commissions is not complete.” It can, therefore, make no difference whether he resigns, die, or be removed for cause. In either case no commissions can be allowed. So far as appeal’s, he received no income of the estate; and as there were four executors and trustees, the compensation to which three would have been entitled would have been required to be apportioned among them according to the services rendered *558 by them respectively, he would have been entitled to no commissions on the increase. Hence the provision of the decree, here sought to be amended, is deemed to be correct.
Chas. A. Davison (W. W. Bryan, of counsel), for app’lt; W. A. Jenner, for resp’t.
Under the circumstances it becomes unnecessary to determine whether the facts stated in the petition are sufficient to warrant a modification of the decree, in the respect sought, under subdivision six of § 2481 of the Code
For the reasons alleged, the motion is denied.
Pratt, J.
This is an appeal from an order of the surrogate of Westchester county, refusing to open and amend a decree settling the accounts of the executors and trustees, filed November 4, 1891.
It is, perhaps, unnecessary to add anything to the opinion filed by the surrogate, that an issue might be raised by the representatives of the deceased executor who made the assignment whether the assignment was a valid instrument, and upon this issue the parties would be entitled to a trial by jury, which could not be had in the surrogate’s court.
It seems clear that, when the assignment was made, there were no fees or commissions on which the assignment could act.
The mode of ascertaining and fixing the commissions of executors are entirely statutory, and until they are so ascertained and fixed none are due, and in this case, by reason of the lunacy and death of Harry T. Worthington, none ever became due and payable.
The petitioner, at most, was a mere creditor of Harry T. Worthington, and his claim, if any, should be made against the estate of the said Harry. Matter of Harris, 4 Dem., 463; Wheelwright v. Rhoades, 28 Hun, 57; Freeman v. Freeman, 4 Redf., 211; Carroll v. Hughes, 5 id., 337.
It did not appear in this proceeding that said deceased executor had earned or become entitled to any fees before his death.
There is neither authority or reason for any such claim as is made by the petitioner.
Order affirmed, with costs and disbursements.
Barnard, P. J., and Dykman, J., concur.