---

(41 Misc. Rep. 652.)

## In re OAKLEY.

(Supreme Court, Special Term, New York County. November, 1903.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—DEBTS OF ASSIGNEE.

Under Laws 1877, p. 547, c. 466, § 20, subd. 9, empowering the county court to exercise such powers in respect to an accounting by the assignee for creditors as a surrogate may exercise as to the accounting by an administrator, the Supreme Court, which has succeeded, in the First Department, to the powers of the County Court, will, on an accounting by the assignee, who was indebted to his assignor, charge the assignee with the debt, less commissions thereon, and set it off against the commissions allowed him.

2. SAME—COSTS—TAXATION.

Costs of an accounting by the assignee for creditors, including referee's and stenographer's fees and allowance to the assignee, will be taxed by the court in the first instance, where all parties had notice of the motion, and there was no dispute, though they should be taxed by the clerk on notice.

In the matter of the assignment of the Oakley Soap & Perfumery Company. Application by John A. Oakley, assignee, to sustain his

exceptions to the report of the referee, and to modify the report, and confirm it as modified. Exceptions overruled, and report affirmed in part.

Frayer, Smith, White & Seaman, for assignee.

SCOTT, J. This is an application by the assignee for the benefit of creditors to sustain his exceptions to the report of the referee taking and stating his account, to modify the said report in accordance with said exceptions, and to confirm the same as so modified. The court is also asked to adjust and tax the fees of the referee and stenographer, and the costs and allowances of the assignee. The finding of the report to which exception has been taken is that which recommends that the amount for which the assignee was indebted to the assignor at the time of the assignment, viz., $256.42, should be deducted from the amount of the commissions, viz., $977.68, payable to the assignee for his services in the administration of the assigned estate. The referee himself states in the said finding that he could discover no precedent therefor. On the other hand, no authorities are cited by the moving party in support of his application to set aside said finding. In the case of Freeman v. Freeman, 4 Redf. Sur. 211, it was held that the commissions of an executor are applicable to the liquidation of his debts to the estate. Under subdivision 9 of section 20 of the general assignment act (Laws 1877, p. 547, c. 466), the County Court, to the power of which the Supreme Court in this department succeeded, is expressly granted the power "to exercise such other or further powers in respect to the * * * accounting * * * as a surrogate may by law exercise in reference to an accounting by an executor or administrator." What a surrogate may do in a case similar to the present, with proper regard to the rights of the estate on the one hand, and for those of the representative on the other, is indicated in the case of Baucus v. Stover, 89 N. Y. 1, 5. While it is true that the decision in the case of Freeman v. Freeman, above cited, was based upon the provisions of the Revised Statutes that any just claim which a testator had against one named as executor of his will should be included in the inventory, and that such executor should be liable for the same as for so much money in his hands, and while it is true that there are no statutory provisions concerning the relative rights of assigned estates and assignees who are debtors thereof, similar to or identical with those which were enacted relative to executors who are debtors of their testators, yet there is no reason for any distinction between the two classes of trustées with respect to the rights of the estates of which they are debtors; and it may be fairly and properly inferred from the section of the general assignment act above referred to, and which was enacted as a guide for the action of this court as the successor of the County Court, upon which the power therein stated was confirmed, that the rule applicable to executors who are debtors of the estates of their testators should apply to the case of assignees who are debtors of the estates assigned to them. As this conclusion implies that the assignee received

and is chargeable with the amount of his indebtedness to the estate, viz., $256.42, he should be allowed commissions upon the said sum in addition to the amount to which he has been found to be entitled by the referee's report. The exceptions to the report of the referee should therefore be overruled, and the said report, with the exception of the increase of the commissions payable to the assignee as above stated, should therefore be in all respects confirmed. With respect to the adjustment and taxation of the costs, including the fees of the referee and stenographer, and the allowances of the assignee, the proper practice is to tax the same before the clerk on notice to all parties who appeared in the proceeding. Matter of Bowlby, 34 Misc. Rep. 311, 69. N. Y. Supp. 783. As, however, all parties who appeared have been notified of the motion for the taxation of such costs and allowances by the court, and as, in the event of any dispute in the clerk's taxation, the matter will be presented to the court for retaxation, and as there are no objections to the fees of the referee and stenographer, the same should be allowed in accordance with the bills submitted therefor, and payment thereof should be provided for in the decree of distribution to be submitted. It is uncertain from the moving party's papers whether an allowance is requested by the assignee in addition to taxable costs. As many services have been performed by the attorneys for the assignee subsequent to the filing of the account, and for which they have received no compensation, and for which the taxable costs would not properly recompense them, the decree may provide for the payment to them of an allowance for the sum of $250, in addition to their taxable costs. Submit decree in accordance with above on the usual notice.

Ordered accordingly.