sities furnished to herself. The law presumes such necessaries are furnished on the credit of the husband, unless there is an agreement by which the wife becomes personally liable and the credit is given to her, or unless there are special circumstances exempting the .husband from liability, such as where the husband and wife are separated and notice is given to tradesmen not to furnish goods to the wife on the husband's credit, or where the husband has amply supplied the wife with the necessities in suit, or given her a suitable allowance to supply herself. The defendant seems to have been living with her husband, who had paid her previous bills to plaintiff by his own checks.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

---

### In re COWEN.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. COURTS (§ 198*)—SURROGATE'S COURT—JURISDICTION.

     The Surrogate's Court is a court of limited jurisdiction, and has no power except such as is specially conferred by statute.

     [Ed. Note.—For other cases, see Courts, Cent. Dig. § 471; Dec. Dig. § 198.*]

2. INSANE PERSONS (§ 42*) — GUARDIANSHIP — ACCOUNT OF COMMITTEE—ORDER SETTLING ACCOUNT—CONCLUSIVENESS.

     Under Code Civ. Proc. § 2342, requiring the committee of an incompetent to annually file his accounts for the preceding year, the Court of Common Pleas has power to at any time require a committee appointed by it to account, and to judicially determine whether the committee had properly performed his duties, and hence where the only heir at law and next of kin was cited and appeared before the referee appointed to state the committee's account, and was notified of the application to confirm the report, and made no objection to the proceedings, and it did not appear that the interests of the incompetent were not fully protected, the order settling the accounts was conclusive.

     [Ed. Note.—For other cases, see Insane Persons, Dec. Dig. § 42.*]

Appeal from Special Term, New York County.

In the matter of the accounting of Sidney J. Cowen, as committee of the person and estate of Mary Ann Dunn, an incompetent. From an order requiring him to render an account from September 17th, the date of his appointment, to April 3, 1883, the committee appeals. Modified, and, as modified, affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Alfred B. Jaworower, for appellant.

Gilbert H. Montague, for respondent.

INGRAHAM, J. It appears that the appellant was appointed a committee of a person who had been declared incompetent in September, 1881, by a judge of the Court of Common Pleas for the City and County of New York duly qualified as such committee, and has been acting as such since that time. One of the sureties upon the committee's bond, desiring to be. released therefrom, the committee applied

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the Court of Common Pleas for a judicial accounting, and a referee was appointed to take and state his accounts. The next of kin and heir at law of the incompetent were cited to appear before the referee, who reported to the court that the next of kin had appeared before the referee in passing the committee's accounts. Such report was submitted to the court, and an order was entered on the 3d day of April, 1883, which confirmed the report of the referee and judicially settled the accounts of the committee, which had been filed with the court on June 1, 1882, on January 26, 1883, and on March 30, 1883. There were no facts presented upon this application to show that this accounting was not a full and true statement of the accounts, or that the interests of the incompetent were not fully protected by the referee appointed by the court, and by the judge who confirmed his report. The only heir at law and next of kin of the incompetent had notice of the application to confirm the report, and the accounting and order settling the committee's account was certainly an adjudication which bound all those interested in the estate who had notice of the proceedings, if the court had jurisdiction to take and state the committee's accounts.

Section 2342 of the Code of Civil Procedure was in force at the time of the accounting. That section required the committee to annually file with the court by which he was appointed his accounts for the preceding year, and provides for the enforcement by the presiding or chief judge of the court of this provision. It seems to me there can be no doubt but that the court appointing the committee had at all times summary jurisdiction over him to compel him to submit his account to judicial examination. Undoubtedly upon an examination of the committee's accounts only those who had had notice of the proceedings and an opportunity to file objections or question the accuracy of the account or the legality of the proceedings of the committee would be bound. But, when the next of kin and heir at law of the incompetent had notice of the applications and was present at the taking of the account, and made no objection to the proceedings, and no fact is alleged to show that the account was not a full and true statement of the proceedings of the committee and of the money and property of the estate of which he was trustee, there can be no reason why the estate should be put to the expense of a new accounting. The incompetent was a ward of the court. It was not required to appoint a guardian ad litem, but could itself protect the interest of the incompetent, and there is nothing to show that her interests were not fully protected. The order of the Court of Common Pleas passed the committee's accounts, and directed the application of the moneys in the hands of the committee, and it does not seem to be claimed that there was a want of jurisdiction of the court to direct the payments required by the order.

What was said in Matter of Arnold, 76 App. Div. 126, 78 N. Y. Supp. 772, has no relation to a proceeding such as that involved in the present appeal. Undoubtedly an ex parte proceeding under the provisions of section 2342 of the Code of Civil Procedure with no notice to those interested in the estate would not bind them. Such an accounting was also rendered necessary because one of the sureties upon the bond of the committee desired to be relieved from further re-

sponsibility, and the court was also required to determine what amount should be allowed for the support of the incompetent and for the payment of various sums of money which it was claimed should be paid out of her estate. The cases in which the power of the surrogate to order accountings of guardians and testamentary trustees was discussed have no application, as the Surrogate's Court is a court of limited jurisdiction, and has no power except such as is specially conferred by statute. The Court of Common Pleas had the jurisdiction of a court of chancery, and as such had jurisdiction over the estates of incompetents, and, I think, had power to require a committee that it had appointed of the estate of an incompetent at any time to render an account, and to judicially determine whether or not the committee had properly performed his duties. The right to compel a committee to submit his accounts for judicial determination was essential to the proper exercise of that power, and in the absence of any allegations of fraud or mistake, or improper action of the committee during the period embraced in the account, and where notice had been given to all interested in the estate who made no objection to proceedings, I think the order of the court settling the accounts was conclusive.

It follows, therefore, that the order appealed from must be modified so as to require the committee to account for the period subsequent to March 30, 1883, and as thus modified, the order should be affirmed, with $10 costs and disbursements of this appeal to the committee payable out of the estate. All concur.