(67 Misc. Rep. 27.)

## In re SILLIMAN.

(Surrogate's Court, Rensselaer County.   March, 1910.)

TRUSTS (§ 319*)—COMPENSATION OF SUBSTITUTED TRUSTEE.

Where, on the death of the testamentary trustee, another is appointed by the surrogate to execute the unexecuted trust, on the first intermediate accounting she is entitled to one-half commissions on the principal of the estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 462;  Dec. Dig. 319.*]

In the matter of the settlement of the accounts of Martha A. Silliman, trustee of William Ingram, deceased.   Decree rendered.

William W. Morrill, for petitioner and trustee.

Henry J. Speck, for Henry A. King, guardian of Jennie P. Ingram.

Timothy J. Quillinan, special guardian, for Jennie P. Ingram.

HEATON, S.   This is the first intermediate accounting by the trustee appointed by this court to execute the unexecuted trusts created by the will of William Ingram, deceased.   The original trustee died, and about five years ago the present trustee was appointed, and received from the representatives of the deceased trustee, after an accounting in this court, a principal estate of about $170,000, practically all in securities, and some income, not paid over, which had accrued from the death of the trustee to the date of the decree.

Among other questions, this one is raised:  Is the trustee now entitled to commissions at one-half rates upon the principal of the estate?  If this were an intermediate accounting by the first trustee, and the fund had been received from the executor of the estate of the creator of the trust, the trustee would be entitled to compensation based upon the value of the principal of the estate received, computed at one-half rates.   Robertson v. De Brulatour, 188 N. Y. 301, 80 N. E. 938;  Olcott v. Baldwin, 190 N. Y. 99, 82 N. E. 748.   But the accounting trustee here is one appointed by the surrogate to succeed a former trustee. Does that fact require the application of a different rule in fixing compensation?

The recent decision in Whitehead v. Draper, 132 App. Div. 799, 117 N. Y. Supp. 539, has been cited as establishing that a different rule has been applied.   But in that case, after the death of the original trustees, their successors were appointed by the Supreme Court;  and there seems to be a special provision made for granting compensation to such a trustee, who "shall be entitled to such compensation for his services by way of commissions as the court appointing him shall determine, which shall in no case exceed that now allowed by law to executors and administrators."   Personal Property Law (Consol. Laws, c. 41) § 20.   This provision was not repealed when the addition to section 3320 of the Code of Civil Procedure was made, making a general rule for the allowance of commissions to all trustees;  and, from the fact that this apparent inconsistency was not discussed in the opinion in the Whitehead Case, it would seem that it was not called to the atten-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

tion of the court. However that may be, it could hardly be said that the rule laid down in the personal property law for fixing compensation of a trustee appointed by the Supreme Court as its agent to execute a trust which had devolved upon it should be applied by the surrogate in allowing commissions to a trustee appointed by him to execute an unexecuted trust.

Prior to 1904 trustees were allowed commissions in Surrogate's Court under the authority of sections 2802 and 2810 of the Code of Civil Procedure, which applied the same rules to the granting of commissions to trustees, both on intermediate and final accounts, as were laid down in section 2730 to govern allowance of commissions to executors and administrators upon final accountings. In that section (2730) commissions could be allowed only for receiving and paying out "sums of money." Consequently we find a number of decisions which limit commissions of trustees to a computation made upon money actually received in cash or realized from converting securities into money in the course of administration. It began soon to be apparent that the result of this rule was to work an injustice to trustees who might manage an estate with great ability and care for many years with little or no compensation. The next result was the injustice to the estate itself, because some trustee, in order that he might not be deprived of adequate compensation, converted good securities into money and reinvested the proceeds, in most instances not improving the quality of the investments or the rate of income.

Apparently to meet these difficulties, in 1904 there was added to section 3320 of the Code of Civil Procedure an express provision for the allowance of commissions to trustees, based upon receiving and paying out all "sums of principal"; the provision relating to trustees differing from the one relating to executors and administrators by changing "sums of money" to "sums of principal." Following this change of language and intention on the part of the Legislature, we have the cases of Robertson v. De Brulatour, 188 N. Y. 301, 80 N. E. 938, and Olcott v. Baldwin, 190 N. Y. 99, 82 N. E. 748, which construe the new provision and hold that trustees may, on an intermediate accounting, have commissions at one-half rates computed upon the entire principal of the estate received, even when it had just been subjected to full commissions upon the accounting of the same persons as executors.

Upon the death of such a sole trustee, the trust vests in the Supreme Court (Personal Property Law, § 20; Real Property Law, § 111 [Consol. Laws, c. 50]); and the surrogate may appoint a trustee to execute the unexecuted trust (Code Civ. Proc. § 2818). The estate of the deceased trustee can receive no commissions for paying over to the successor, because the trust property has vested by operation of law in the Supreme Court, and the same passes by operation of law to the new trustee upon his due appointment. Such new trustee must necessarily receive the property in the same condition in which it was left by his predecessor. Unlike the original trustee, he cannot require its payment to him in cash, nor can he refuse to accept any particular security, since there is no one in office who can convert the property into money; and yet we have seen that he who could require the cash need not do so, but can still have his commissions, while he who must ac-

cept the securities, it is argued, cannot have commissions thereon. The second trustee receives the estate, administers it for a long period of time, and, upon the termination of the trust, distributes the fund. It is claimed that his compensation for all services and responsibility in caring for the estate and paying it over can be computed only upon the money actually received and the value of the principal so turned over at one-half rate. This compensation upon a $50,000 estate managed for 10 years would be at the rate of $34.50 a year, payable at the end of the trust term. The application of this rule would result in many trustees yielding to the temptation to sell first-class long-term investments, with the result that the loss to the estate in brokerage, income, and premiums would be added to the amount of the extra commission, and the estate, instead of being conserved, would be depleted.

The description of a trustee as a "substituted" trustee is a mere convenience of expression, and is not found in the law. Section 2818, Code of Civil Procedure, does not provide for the appointment of a "substituted" trustee, but of a trustee to succeed another trustee. Section 2514, subd. 6, says that:

"The expression 'testamentary trustee' includes every person * * * who is designated by a will, or by any competent authority, to execute a trust created by a will."

Section 3320, Code of Civil Procedure, does not divide trustees into two classes, and make one rule for trustees and another for "substituted" trustees, and yet the lawmakers in 1904 well knew that persons appointed as testamentary trustees must necessarily die and their successors be appointed.

As has already been shown, the attempt of the courts to protect a trust estate from paying several half commissions in exceptional cases will nearly always result in a loss instead of a gain. The extra burden of commissions based upon principal received is not excessive. For example: The first trustee receives one-half commissions and dies; the second trustee distributes the estate and receives full commissions; result, one commission and a half for the services of two trustees covering a period of years. Suppose we carry it one step further, and say that the second trustee dies and the third trustee distributes; result, two full commissions for services of three trustees, covering a probable period of 30 years. A construction allowing compensation based upon principal converted into money would enable a trustee by a trick and a device to nullify the benefits of the rule, and not only collect the same amount in commissions, but still further deplete the fund by losses always occasioned by a change in investments.

For these reasons it would seem to be clear that the provisions of section 3320, Code of Civil Procedure, should be construed as applying to a second, or subsequent, or substituted trustee, appointed by the surrogate, in the same manner that it has been held in the two Court of Appeals cases it applies to the first trustee appointed by the testator, as to commissions for receiving the trust estate.

Decreed accordingly.