Matter of the Annual Accounting of VERNON D. STRATTON,
as Committee of the Person and Property of JAMES W.
COE, an Incompetent Person.

(County Court, Oneida County, May, 1912.)

Insane persons — compensation of committee — accounting by com-
    mittee — Code Civ. Pro. § 2341.

> The committee of the person and property of an incompetent
> has no right to commissions upon the corpus of the estate until
> they are awarded to him on the judicial settlement of his accounts.
>
> Where, upon the annual accounting of the committee of the per-
> son and property of an incompetent as required by section 2341
> of the Code of Civil Procedure, an order was made disallowing
> an item showing that he had deducted an amount claimed to rep-
> resent commissions for " receiving " the corpus of the estate esti-
> mated at what one-half of the full commission for " receiving and
> disbursing " the entire estate would have amounted to, and said
> deducted amount was returned to the estate, the petition of the
> committee on his next annual accounting that he be allowed to
> deduct one-half commissions for receiving the corpus of the estate
> must be denied.

PROCEEDING upon the annual accounting of a committee
of the person and property of an incompetent person.

V. D. Stratton, committee, in person.

HAZARD, J.   The committee herein has filed his annual in-
ventory pursuant to section 2341 of the Code of Civil Pro-
cedure.   His preceding annual account contained an item
showing that he had deducted from the estate an amount
claimed to represent commissions for " receiving " the corpus
of the estate, estimated at what one-half of the full commis-
sions for " receiving and disbursing " the entire estate would
have amounted to.

By an order made by me the item was disallowed, and the
committee has returned the amount to the estate, but in con-
nection with this annual accounting he makes a petition re-

questing that he be allowed to deduct one-half commissions for " receiving " the corpus of the estate. He is insistent in his claims that it is his legal right so to do, and, as the same claim has been made by others within the jurisdiction of this court, I have given the matter considerable attention with a view of adopting a rule to be followed hereafter in all cases.

By section 2338 of the Code a committee is entitled to the same commissions as an executor or administrator. Their commissions are fixed by section 2730 which provides that: " On the settlement of the account " the surrogate must allow an executor or administrator certain specified commissions. It has been held that executors and administrators have no absolute right to such commissions until they are determined upon and awarded by the surrogate on a judicial settlement of their accounts, and it is, therefore, held that they are not assignable and may be lost by misconduct, etc. Matter of Worthington, 141 N. Y. 9; Matter of Furniss, 86 App. Div. 96; Naylor v. Gale, 73 Hun, 53.

It is held in very many cases that an executor is not entitled to take commissions out of funds in his hands, until awarded to him by an order of the surrogate on the settlement of his account, but, if he does so, he is chargeable with interest on the sum which he has appropriated. United States Trust Co. v. Bixby, 2 Dem. 494; Matter of Franklin, 29 Misc. Rep. 107; Wheelwright v. Rhoades, 28 Hun, 57; Freeman v. Freeman, 4 Redf. 215; Carroll v. Hughes, 5 id. 241.

It seems to me that the principle involved is the same in the case of a committee, and I think that in principle and practice it is wrong for any fiduciary to help himself to what he may deem to be his commissions; and, after an exhaustive examination of the authorities, I believe that such a proceeding is unwarranted, and that a committee or other fiduciary has no right to commissions, at least upon the corpus of the estate, unless and until the same are awarded to him by a court of competent jurisdiction, and in an accounting or other similar proceeding in court. Neither do I find that any of the cases so insistently cited by the accounting party herein holds anything to the contrary.

In Robertson v. De Brulatour, 188 N. Y. 317 the court said: "I think that the Appellate Division correctly held, * * * that these plaintiffs, as trustees, were entitled to one-half commissions for receiving the entire capital of the trust estate."

If we were to pick out that sentence and isolate it, it might appear that it establishes the law as the committee claims it to be, but an examination of the context clearly enough shows that the point under consideration by the Court of Appeals. was the question of whether trustees might charge commissions on securities turned over by themselves, as executors, to themselves, as trustees, without changing the form of the securities, viz.: reducing them to cash. The court held in the above quoted language that they could, and that is *all* that is held.

Matter of Notman, 103 App. Div. 521, arose upon an intermediate accounting of a committee. The principal point in controversy and under consideration was the matter of allowing commissions on securities not reduced to cash. It appeared, however, that one-half commissions were ordered allowed by the Appellate Division for receiving the corpus of the estate, although the opinion deals almost entirely with the matter and question above referred to. It will be observed that, as stated, the question arose upon an *accounting*, and I therefore do not consider the case as authority for the proposition that a committee, without an accounting, may help himself to commissions.

In the case of Whitehead v. Draper, 132 App. Div. 799, the queston arose as to what was a fair and just settlement between the estate of deceased executors, and the successor in the trust, and it was held that the deceased executors' estate was entitled to no commissions for turning over the estate to the successors, but that the estate of the original trustee should be allowed one-half commissions as a fair payment for what the original trustee had done in his lifetime.

In Olcott v. Baldwin, 190 N. Y. 99, while one-half commissions were allowed a surviving trustee, in an action brought by the representative of a deceased co-trustee, for receiving the trust fund, I do not consider that case any au-

thority for trustees helping themselves, to one-half commissions for receiving, in advance.

Matter of Silliman, 67 Misc. Rep. 27, was also a case of an apportionment of fees between a deceased executor's estate and his successor in the trust.

There is a line of cases, some of which are cited by the committee, but which are clearly to be differentiated from the case at bar, in which it is held that where a settlement is made annually by the trustee with the *cestui que trust,* payable out of the income, with the assent of the parties interested, that trustees may *in such a case* retain their commissions *on the annual income,* and that, where an accounting is rendered yearly in compliance with any statute or rule or order of the court, the accounting party is entitled to full commissions on each year's receipts and disbursements. Hancox v. Meeker, 95 N. Y. 539; Matter of Mason, 98 id. 535.

In the latter case the court said: " Our decision goes only so far as to hold that, where the income is annually received and annually paid over, the trustees may retain full commissions, five per cent on the first thousand, etc., as if the income received were the entire fund to be received and disposd of by them."

In the Matter of Haskin, 49 Misc. Rep. 179, the court said: " The rule seems to be well settled that, where a trustee pays over the entire income, year after year, without making any claim for commissions, he is deemed to have waived his right thereto and he cannot, upon his final accounting, be awarded commissions upon the past income payable, either out of the trust fund on the present or future income."

The reason for this is obvious, as a failure to take commissions out of the annual income would result in compelling the remainderman to pay commissions on money which he had never received. As was said in Matter of Slocum, 60 App. Div. 445: " They cannot pay the income in full and deduct commissions on such income from the principal, where the income goes to one set of beneficiaries and the principal to another."

To the same effect is Matter of Haight, 51 App. Div. 317; Matter of Fisk,.45 Misc. Rep. 298.

I do not think that the doctrine of these cases should be extended. As a matter of necessity, and because it would be an unwarranted expense, as well as a useless formality to have an accounting every time an income or trust fund is periodically turned over to a *cestui que trust,* and to enable the fiduciary to get his pay for handling the annual income, and get it from the one who receives the income, the cases cited, and others, have held that it is permissible for the fiduciary to retain his commissions; but neither any of the cases which we have considered, nor any cited by the committee, nor any that I am able to find, holds that a committee may, without accounting and without an order of the court, himself deduct commissions (assumed to be at the rate of one-half) from the corpus of the estate.

In certain cases, some of which we have considered before, where a committee has died or resigned or been removed, the courts have split up commissions, and I suspect that various committees have followed the practice, and decided themselves that they are entitled to take out one-half of the commissions which they hoped to be eventually entitled to receive, immediately upon receiving the corpus of the estate, or at some time during the administration of it; and that is what the committee seeks to do in this case. I believe that such a course is illegal and unwarranted and must deny his request.

There are cases, and very likely this is one, in which it might be a hardship upon the committee to defer awarding him commissions other than on annual receipts and disbursements, until the termination of his trust. With reference to such cases it is my belief and decision that the only way relief can be afforded is by an intermediate accounting. Section 2342 of the Code seems to provide for two separate and distinct procedures in connection with committees' accountings. The first one is in connection with the requirement of section 2341 and provides for the examination by the county judge, or under his direction, of the annual account to be filed pursuant to that section in January of each year. It

is that sort of a proceeding which is now before me as a magistrate. Such a proceeding as this is *" ex parte,* out of court, and not designed to be binding upon the incompetent person or those interested in his estate." Matter of Arnold, 76 App. Div. 126; Matter of Cowen, 130 App. Div. 365.

The second proceeding, that specified in the latter part of the section (2342), provides for " an intermediate judicial accounting of all his proceedings affecting the property of the incompetent person to the date of the filing thereof; " and it is provided that said account shall be then judicially adjusted, determined and filed, and shall amount to a final judicial settlement up to that time. The first proceeding is more or less informal, is out of court, deals with the transactions of one year only, and does not seem to be binding upon any one, being apparently designed to provide for an informal official scrutiny of the transactions of committees, who have been said to be " bailiffs of the court," and I do not think in such a proceeding as this one that it is one in which commissions can or should be adjusted; but the second proceedings provided for are of a more substantial nature and are in court and all interested parties are cited, and they involve a review of the whole stewardship of the committee.

If the committee herein deems himself entitled as a matter of equity to an allowance for receiving the corpus of the estate or for an additional allowance under section 2338, he may bring up the matter in such a proceeding. His original vouchers have been filed with his annual accounts, and all his annual accounts are in court, and I see no objection, if the committee sees fit to bring on an accounting under the latter part of section 2342, to doing so upon all his vouchers and accounts as filed, with a supplemental account up to date; upon all of which the matter may be heard.

An order will, therefore, be made adjusting the annual account, but without permission to the committee to deduct fees for receiving the corpus of the estate.

Ordered accordingly.