## In re COWEN.

### COWEN v. MONTAGUE.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

1. INSANE PERSONS (§ 42*)—GUARDIANSHIP—ACCOUNTING—COUNSEL FEES.

On an appeal from an order settling the accounts of the committee of an incompetent, where neither the opinion of the trial justice nor respondent's brief shows any reason why counsel fees paid by the committee should have been disallowed, and the fees appear on their face to be reasonable and for services for which he was justified in retaining counsel, the order will be modified by the allowance of such items.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 64–67; Dec. Dig. § 42.*]

2. INSANE PERSONS (§ 41*)—GUARDIANSHIP—COMPENSATION OF COMMITTEE.

Where the services of the committee of an incompetent were not onerous, and were sufficiently compensated by an allowance of $10 per month, the disallowance of extra compensation was proper.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 39, 63; Dec. Dig. § 41.*]

3. INSANE PERSONS (§ 41*)—GUARDIANSHIP—COMPENSATION OF GUARDIAN.

Where the services performed by a special guardian for an incompetent upon an accounting by her committee did not tend to the advantage of the estate, there were no difficult questions of law or complicated or obscure facts involved, and the interests of the estate might have been conserved with less labor and in less time, an allowance to the special guardian of $750 for services and $305 for disbursements is excessive, and should be reduced to $805.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 39, 63; Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Proceedings for an intermediate accounting of Sidney J. Cowen, as committee of Mary Ann Dunn, an incompetent. From orders confirming the referee's report, denying a motion for an extra allowance, granting an allowance to Gilbert H. Montague as special guardian, and denying a motion for the special guardian's removal, the committee appeals. Affirmed in part and reversed in part.

See, also, 105 App. Div. 596, 94 N. Y. Supp. 303; 130 App. Div. 365, 114 N. Y. Supp. 797; 63 Misc. Rep. 179, 180, 118 N. Y. Supp. 560, 561; 135 N. Y. Supp. 1109.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Sidney J. Cowen, of New York City, in pro. per.
Gilbert H. Montague, of New York City, in pro. per.

SCOTT, J. In this proceeding for the judicial accounting of the committee of the person and estate of an incompetent person, the committee appeals from four orders entered at Special Term.

(1) A final order stating and settling the accounts of the committee, and confirming in part the report of a referee appointed to pass upon said accounts.

(2) An order denying the motion of the committee for an extra allowance.

(3) An order allowing the special guardian appointed in the proceeding the sum of $1,055.65.

(4) An order denying the motion of the committee for the removal of the special guardian.

On April 21, 1881, the appellant was appointed in the Court of Common Pleas committee of the person and estate of one Mary Ann Dunn, an incompetent person. The estate of the incompetent was inconsiderable. It consisted of an undivided interest in certain real property in the city of New York from which an income was derived, of two lots on Long Island of little or no value and of no earning capacity, and of personal property. The total value of her estate was then estimated at about $7,000, and produced an annual income of something over $500.

In 1883, owing to the desire of one of the committee's bondsmen to be relieved, a judicial accounting was had, the matter being referred to Ex-Judge Joseph S. Bosworth, and, upon the coming in of his report, an order was made settling and allowing the accounts of the committee and authorizing him to pay himself out of the cash funds in his hands belonging to the said incompetent the sum of $10 per month from March 10, 1883, as and for ordinary services as committee of the person of said incompetent. The effect of this order was considered by this court in Matter of Cowen, 130 App. Div. 365, 114 N. Y. Supp. 797, and it was held to be conclusive. The committee thereafter repeatedly presented his accounts to referees appointed pursuant to section 2342, Code Civ. Proc. One of these referees, Rollin M. Morgan, Esq., made a report to the presiding justice of this court on June 23, 1904, in which he surcharged the account of the committee with the sum of $545, being sums which the committee had paid out in counsel fees in certain proceedings, and which, as the referee considered, were inadvisably incurred. He also reported that in his opinion the committee should be required to institute a proceeding for a judicial accounting, and for the purpose of determining whether the allowance of $10 a month to the committee should be continued, and whether or not the committee ought to bring an action for the partition of the real property in which the incompetent had an undivided interest. This report was approved in August, 1904, by the then presiding justice of this court, and the committee directed to institute the proceeding therein recommended. The committee thereupon repaid to the estate the amount which had been surcharged upon his accounts, and instituted the present proceeding, in which an order of reference was entered on August 24, 1904. By the same order James L. Wil-

liams, Esq., was appointed special guardian for the incompetent.
The reference proceeded slowly, there being few hearings, but many
adjournments at which no testimony was taken. It does not appear
that the committee was responsible for the slow progress thus made,
which seems to have been caused, in large measure, by the illness
and engagements of the referee and the special guardian, and for a
short period by the existence of a stay of proceedings. In Decem-
ber, 1908, Mr. Williams died, and the present special guardian was
appointed in his place. Whatever aspect of somnolence the proceed-
ing may have borne up to that time now disappeared. Unfortunately
a bitter personal antagonism soon grew up between the committee
and the special guardian which resulted in prolonging the proceeding,
and greatly adding to the expense. For this condition of affairs
neither the committee nor the special guardian is free from blame.
On August 29, 1910, the referee filed his report, in which he found
that the committee had accounted for all moneys which had come into
his hands, and it is only fair to the committee to say that upon none
of the judicial or nonjudicial accountings which he has made has
it been found that he has personally misappropriated any of the
funds of his ward's estate. The only complaints made against his
administration have been that his payments for legal services have
been too frequent and too liberal.

The committee had filed a claim with the referee for the allow-
ance of a large sum, amounting to several thousand dollars, for ad-
ditional compensation for services exceeding those of an executor
or administrator. Section 2338, Code Civ. Proc. The referee
.disallowed this claim in so far as it concerned the committee's serv-
ices as a lawyer, but advised that he be allowed for his services as
a layman in excess of those of an administrator or an executor the
sum of $500. The referee further reported that the account of the
committee be surcharged $200, the amount paid by him to counsel
upon the accounting proceeding. He also recommended the pay-
ment of $10 per month to the committee of the person of the incom-
petent be discontinued. The committee promptly moved that the re-
port be confirmed, except as to certain matters specified in the no-
tice of motion, as to which he asked that it be overruled. For some
reason the order upon this motion, which is one of the orders appealed
from, was not entered until June 22, 1911. It required the committee
to repay to the estate of the incompetent the several sums of $10 per
month (authorized by the order of March 30, 1883) from August 27,
1904, the date of the order of reference herein, down to the date of the
entry of the order appealed from, with interest at 6 per cent. upon
all sums so paid to him. It directed the committee to repay to the
estate the sum of $278.10 paid by him for legal services in the course
of his administration, in addition to the sum of $200 which had been
disallowed by the referee. It also directed him to repay two small
items aggregating $11 paid out by the committee for typewriting in
the course of this proceeding. Upon all these sums the committee
was directed to pay interest from the date of their payment.

[1] Although the special guardian has filed a fairly voluminous

brief, he has felt compelled to take up so much of it with animadversions upon the committee that he has omitted to explain the reasons for the disallowance of these items, nor is any reason given therefor in the opinion of the justice who made the order. The disallowance of these claims (except the $200 disallowed by the referee) is therefore wholly unexplained. They appear on their face to have been reasonable, and to have been services for which the committee was justified in retaining counsel.

[2] The order disallowed the committee's large claims for extra services, which had been disallowed by the referee, and also disallowed the $500 which the referee had reported should be allowed for services as a layman, in excess of those of an executor or administrator. This we think was right. The committee's services as a layman were not onerous, and were sufficiently compensated by the allowance of $10 per month.

We are therefore of the opinion that the order confirming, in part, the report of the referee, should be modified in the following particulars: So much thereof as requires the committee to repay the several sums of $10 per month allowed him by the order of 1883, with interest thereon from August 27, 1904, to June 22, 1911, is reversed. So much thereof as requires the committee to repay to the estate the several sums of $50 paid on May 12, 1902, and $25 paid on July 22, 1904, and $203.10 paid on March 12, 1908, and $5.20 paid on November 10, 1908, and $5.80 paid on November 12, 1908, with interest on said several sums, is reversed, and that said order, being modified accordingly, is affirmed.

[3] The committee also appeals from an order awarding to the special guardian the sum of $1,055.65 for his services and disbursements, said sum including $750 for services and $305 for disbursements. We have no doubt that the labors of the special guardian would justify this allowance, if we could see that all of these labors tended to the advantage of the estate. It does not so appear, however. There were no difficult questions of law and no complicated or obscure facts to be dealt with, and, so far as the interests of the estate are concerned, they might have been conserved with much less labor and in much less time. In our opinion the allowance to the special guardian should be reduced to $805.65, and the order granting him an allowance is accordingly modified to that extent, and, as modified, affirmed.

The other orders appealed from were right, and are affirmed. The committee is entitled to $10 costs and his disbursements on this appeal payable out of the estate. Settle order on notice. All concur.