CONGER v. CONGER et al.

(Supreme Court, Appellate Division, First Department. June 23, 1905.)

TRUSTS—TRUSTEE'S COMMISSIONS.

Where the account of a trustee as presented and settled shows no annual settlements, and, though a transcript of his book entries was rendered the cestui que trust yearly, no balance was struck, and neither party regarded the statements as final, or as an annual settlement, the trustee was entitled to commissions, not on annual rests, but on the total amount received and paid out.

Appeal from Judgment on Report of Referee.

Action by Clarence R. Conger, as trustee, etc., against Theodore H. Conger, impleaded with others. On reargument of appeal from judgment entered on report of referee. Modified.

See 93 N. Y. Supp. 1151.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Joseph E. Bullen, for appellant.
Albert F. Hagar, for respondent.

PATTERSON, J. This is a reargument ordered by the court of a single subject involved in the appeal in this action, namely, the amount of commissions to which the trustee is entitled. The referee allowed the trustee $567.99. We were of opinion that the proof showed that all the income had been paid over to the cestui que trust, and that thereby the trustee waived his right to commissions (Spencer v. Spencer, 38 App. Div. 403, 56 N. Y. Supp. 460), and that commissions were allowed for the improvement of real property, but such was not the fact. As stated in the opinion then rendered, the will provided that the trustee should hold certain realty in trust "to receive the rents, issues, profits, and income thereof, and to pay the same over annually, or oftener in his discretion, to my nephew, Theodore H. Conger," for life. It appears from the account of the trustee herein that during the first two years he paid over to his

cestui que trust more than the income of the property. Thereafter he retained enough to cover the commissions which he now claims. The deficit of the first two years was not made up by money retained, however, until the fourth year, from which time enough was held back to cover all commissions claimed. The amount of commissions is fixed by sections 2802 and 2730 of the Code of Civil Procedure at 5 per cent. on the first $1,000 received and paid out, 2½ per cent. on the next $10,000, and 1 per cent. on any amount above $11,000. The trustee claims that he made annual settlements with the cestui que trust, and is entitled to compute his commissions on each annual rest separately at the above rates, and cites Hancox v. Meeker, 95 N. Y. 528, and Matter of Mason, 98 N. Y. 527, in support of his claim. The rule is that commissions are not earned until an accounting is had and an allowance thereof made. The above cases establish an exception to the rule, and it is incumbent upon the trustee to bring himself within it. The cestui que trust claims that there were no annual settlements or rests. It is obvious that, if there were annual settlements or rests, the trustee waived his right to commissions during the first three years. Spencer v. Spencer, 38 App. Div. 403, 56 N. Y. Supp. 460. The complaint alleged, however, that no accounting had been made, and asked for a judicial settlement. The action proceeded on that theory. The account as presented and settled shows no annual settlement. The money was paid to the cestui que trust at irregular intervals. The commissions are not credited annually from the testator's death; nor from the issuance of letters; nor even from the end of an assumed fiscal year. They are credited as of October 31st for the years 1892, 1893, and 1894. The next credit of commissions is February 29, 1896. Thereafter they are credited as of January 31, 1897, 1898, 1899, 1900, and 1901.

From the trustee's testimony it appears that a transcript of his book entries was rendered to the cestui que trust whenever asked for—"nearly every year." But no balance appears to have been struck, and neither party appears to have regarded these statements as final, or as an annual settlement or rest. Had such a claim been made, a judicial settlement might have been demanded long ago.

It follows, therefore, that the trustee is entitled to commissions, not upon annual rests as claimed, but on the total amount received and paid out, and the judgment should be modified accordingly, and, as so modified, affirmed, without costs. All concur.