(Surrogate's Court, Rensselaer County. February, 1908.)

TRUSTS—COMMISSIONS OF TRUSTEE—FAILURE TO ACCOUNT.

Where a trustee has not annually settled his account of the income with the beneficiary, he is not entitled to commissions based on annual accountings, and, where he has taken commissions based on the aggregate income received, he will not be allowed commissions which he might have received had he deducted from the income his full commissions annually or had he made annual accountings.

In the matter of the accounting of Jonathan Norton, trustee under the will of Mary Peckham. Decree rendered.

P. R. Chapman, for trustee.
Keeschan & Sleicher, for Harriet E. Myers, beneficiary.

HEATON, S. The only question not agreed upon by the parties to this proceeding is whether or not, under the circumstances of this case, the trustee should be now allowed the additional amount of commissions which he would have received had he deducted from the income his full commissions annually, to which he would have been entitled had he made annual accountings.

It appears that the trustee has paid over the income from time to time as the same has been received by him, and that he has taken commissions upon the amount of income, figured at 5 per cent. upon the first $1,000 received and 2½ per cent. upon the amount over $1,000. He now asks to be allowed the excess of commissions which he could have retained had he made annual rests and taken each year 5 per cent. upon the first $1,000 received for that year and 2½ per cent. upon the remainder. He has on hand sufficient income to pay these additional amounts of commissions, but that income has been received during the present year and December of the last year. It is urged by the beneficiary that, by failing to deduct the excess of commissions, he has waived them. There seems to be no well-defined rule laid down and adhered to by the courts by which it can be determined whether a trustee in such case has or has not waived the excess of commissions. Each case ought not to be left for decision upon its

own facts, for then no trustee can be certain as to his legal rights. The cases which practically established the rule that the trustee might take full commissions annually are Hancox v. Meeker, 95 N. Y. 528, and Matter of Mason, 98 N. Y. 527. The decision on those cases was based upon the theory that, where a trustee rendered a debit and credit account to the beneficiary each year, which included all his receipts on account of the same for that year, he might include therein full commissions; for the reason that the rendering and settlement of such an account between the parties took the place of and was a substitute for the judicial settlement thereof before the surrogate. This sound and good reason for allowing full commissions annually was weakened in the case—Matter of Selleck, 111 N. Y. 284, 19 N. E. 66—but that decision ought not to be considered as authority upon any other state of facts than those set forth in that case, and the rule ought to be adhered to that full annual commissions cannot be taken unless there has been an annual accounting and settlement between the parties. Such rule was distinctly applied in Conger v. Conger, 105 App. Div. 589, 94 N. Y. Supp. 547, affirmed 185 N. Y. 554, 77 N. E. 1184. If such settlement has in fact been made and no commissions taken or insufficient commissions taken, then the trustee should be held to have waived such commissions, unless, when he seeks to take them either at another annual accounting or upon an official accounting, he has income in his hands belonging and payable to the same person to whom former payment was made, which sum is sufficient to reimburse him for the amount of commissions due him and not retained. The cases do not seem to be consistent upon this point, and some hold that he can only reimburse himself if there is a surplus of income for the particular years in which he failed to retain them. In those cases where the trustee has not had annual settlements of his account, he ought to be allowed the usual commissions upon the aggregate amounts received by him, provided he has in his hands a surplus of income belonging to the same party to whom he has made the payments; and he ought not to be held to have waived such commissions to the extent of such surplus of income, no matter in what fiscal year such income may have been received. In the case at bar the trustee did not annually render and settle his accounts with the beneficiary, and therefore he is not entitled to the full commissions based upon the annual accountings. He has already taken his commissions based upon the aggregate amounts received, and his claim for additional commissions is therefore disallowed. The trustee may, however, under the foregoing rule, compute his commissions for the past year upon the basis allowed for an annual accounting.

One of the objects of this proceeding was to determine whether a fund of about $3,000 which came to the hands of the trustee was income or principal, and upon this point an agreement has been reached by the parties satisfactory to the surrogate; and, for that reason, some part of the expenses of this accounting will be charged against the principal of the fund, the amount thereof to be determined upon the settlement of the decree. Decreed accordingly.