I am, therefore, in favor of a reversal of the order appealed from and a dismissal of the writ.

DOWLING, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Second Intermediate Judicial Accounting of SIDNEY J. COWEN, as Committee of the Person and Estate of MARY ANN DUNN, an Incompetent, Appellant.

GILBERT H. MONTAGUE, Special Guardian of MARY ANN DUNN, an Incompetent, Respondent.

First Department, July 11, 1912.

Incompetent person — accounting of committee — evidence — compensation — repayment to estate — allowance to special guardian.

On a judicial accounting of the committee of the person and estate of an incompetent person, evidence examined, and *held*, that an order requiring the committee to repay to the estate of the incompetent ten dol-

lars per month previously allowed him as compensation should be reversed;

That so much of the order as requires the committee to repay to the estate sums aggregating $289 with interest should be reversed;

That so much of the order as allowed the special guardian of the committee $1,055.65 should be modified so as to reduce the allowance to $805.65 in view of the fact that all of his services did not tend to the advantage of the estate and because no difficult questions of law or fact were involved.

APPEAL by Sidney J. Cowen, as committee, etc., from part of a final order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of June, 1911, and also from two orders made at the New York Special Term and entered in said clerk's office on the same day, and from an order entered on the 27th day of October, 1911.

*Sidney J. Cowen*, appellant in person.

*Gilbert H. Montague*, respondent in person.

SCOTT, J.:

In this proceeding for the judicial accounting of the committee of the person and estate of an incompetent person, the committee appeals from four orders entered at Special Term.

1. A final order stating and settling the accounts of the committee, and confirming in part the report of a referee appointed to pass upon said accounts.

2. An order denying the motion of the committee for an extra allowance.

3. An order allowing the special guardian appointed in the proceeding the sum of $1,055.65.

4. An order denying the motion of the committee for the removal of the special guardian.

On April 21, 1881, the appellant was appointed, in the Court of Common Pleas, committee of the person and estate of one Mary Ann Dunn, an incompetent person. The estate of the incompetent was inconsiderable. It consisted of an undivided interest in certain real property in the city of New York from which an income was derived, of two lots on Long Island of

First Department, July, 1912. [Vol. 152.

little or no value and of no earning capacity, and of personal property. The total value of her estate was then estimated at about $7,000, and produced an annual income of something over $500.

In 1883, owing to the desire of one of the committee's bondsmen to be relieved, a judicial accounting was had, the matter being referred to Ex-Judge Joseph S. Bosworth, and upon the coming in of his report an order was made settling and allowing the accounts of the committee and authorizing him to pay himself out of the cash funds in his hands belonging to the said incompetent the sum of ten dollars per month from March 10, 1883, as and for ordinary services as committee of the person of said incompetent. The effect of this order was considered by this court in *Matter of Cowen* (130 App. Div. 365), and it was held to be conclusive. The committee thereafter repeatedly presented his accounts to referees appointed pursuant to section 2342 of the Code of Civil Procedure.

One of these referees, Rollin M. Morgan, Esq., made a report to the presiding justice of this court on June 23, 1904, in which he surcharged the account of the committee with the sum of $545, being sums which the committee had paid out in counsel fees in certain proceedings, and which, as the referee considered, were inadvisedly incurred. He also reported that in his opinion the committee should be required to institute a proceeding for a judicial accounting, and for the purpose of determining whether the allowance of $10 a month to the committee should be continued, and whether or not the committee ought to bring an action for the partition of the real property in which the incompetent had an undivided interest. This report was approved in August, 1904, by the then presiding justice of this court, and the committee directed to institute the proceeding therein recommended. The committee thereupon repaid to the estate the amount which had been surcharged upon his accounts and instituted the present proceeding, in which an order of reference was entered on August 27, 1904. By the same order James L. Williams, Esq., was appointed special guardian for the incompetent. The reference proceeded slowly, there being few hearings, but many adjournments at which no testimony was taken. It

does not appear that the committee was responsible for the slow progress thus made, which seems to have been caused, in large measure, by the illness and engagements of the referee and the special guardian, and for a short period by the existence of a stay of proceedings. In December, 1908, Mr. Williams died, and the present special guardian was appointed in his place. Whatever aspect of somnolence the proceeding may have borne up to that time now disappeared. Unfortunately a bitter personal antagonism soon grew up between the committee and the special guardian which resulted in prolonging the proceeding and greatly adding to the expense. For this condition of affairs neither the committee nor the special guardian is free from blame. On August 29, 1910, the referee filed his report, in which he found that the committee had accounted for all moneys which had come into his hands, and it is only fair to the committee to say that upon none of the judicial or non-judicial accountings which he has made has it been found that he has personally misappropriated any of the funds of his ward's estate. The only complaints made against his administration have been that his payments for legal services have been too frequent and too liberal.

The committee had filed a claim with the referee for the allowance of a large sum, amounting to several thousand dollars, for additional compensation for services exceeding those of an executor or administrator. (Code Civ. Proc. § 2338.) The referee disallowed this claim in so far as it concerned the committee's services as a lawyer, but advised that he be allowed for his services as a layman in excess of those of an administrator or an executor the sum of $500. The referee further reported that the account of the committee be surcharged $200, the amount paid by him to counsel upon the accounting proceeding. He also recommended that the payment of $10 per month to the committee of the person of the incompetent be discontinued.

The committee promptly moved that the report be confirmed, except as to certain matters specified in the notice of motion, as to which he asked that it be overruled.

For some reason the order upon this motion, which is one of the orders appealed from, was not entered until June 23,

1911. It required the committee to repay to the estate of the incompetent the several sums of $10 per month (authorized by the order of March 30, 1883) received by him after August 27, 1904, with interest at six per cent upon all sums so paid to him. It directed the committee to repay to the estate the sum of $278.10 paid by him for legal services in the course of his administration, in addition to the sum of $200 which had been disallowed by the referee. It also directed him to repay two small items aggregating $11 paid out by the committee for typewriting in the course of this proceeding. Upon all these sums the committee was directed to pay interest from the date of their payment. Although the special guardian has filed a fairly voluminous brief, he has felt compelled to take up so much of it with animadversions upon the committee, that he has omitted to explain the reasons for the disallowance of these items, nor is any reason given therefor in the opinion of the justice who made the order. The disallowance of these claims (except the $200 disallowed by the referee) is, therefore, wholly unexplained. They appear on their face to have been reasonable, and to have been services for which the committee was justified in retaining counsel. The order disallowed the committee's large claims for extra services, which had been disallowed by the referee, and also disallowed the $500 which the referee had reported should be allowed for services as a layman, in excess of those of an executor or administrator. This, we think, was right. The committee's services as a layman were not onerous, and were sufficiently compensated by the allowance of $10 per month.

We are, therefore, of the opinion that the order confirming, in part, the report of the referee should be modified in the following particulars:

So much thereof as requires the committee to repay the several sums of ten dollars per month allowed him by the order of 1883, with interest thereon from August 27, 1904, to June 22, 1911, is reversed.

So much thereof as requires the committee to repay to the estate the several sums of fifty dollars paid on May 12, 1902, and twenty-five dollars paid on July 22, 1904, and two hundred and three dollars and ten cents paid on March 12, 1908, and five

dollars and twenty cents paid on November 10, 1908, and five dollars and eighty cents paid on November 12, 1908, with interest on said several sums, is reversed, and that said order, being modified accordingly, is affirmed.

The committee also appeals from an order awarding to the special guardian the sum of $1,055.65 for his services and disbursements, said sum including $750 for services and $305 for disbursements. We have no doubt that the labors of the special guardian would justify this allowance, if we could see that all of these labors tended to the advantage of the estate. It does not so appear, however. There were no difficult questions of law and no complicated or obscure facts to be dealt with, and so far as the interests of the estate are concerned, they might have conserved with much less labor and in much less time. In our opinion the allowance to the special guardian should be reduced to $805.65, and the order granting him an allowance is accordingly modified to that extent, and as modified affirmed.

The other orders appealed from were right and are affirmed. The committee is entitled to ten dollars costs and his disbursements on this appeal, payable out of the estate.

INGRAHAM, P. J., MCLAUGHLIN, MILLER and DOWLING, JJ., concurred.

Order confirming in part report of referee modified as stated in opinion. Order making award to special guardian for services and disbursements modified as stated in opinion. The other orders appealed from affirmed. Ten dollars costs and disbursements on this appeal to the committee, payable out of the estate. Order to be settled on notice.