In the Matter of the Accounting of THOMAS F. MAXWELL, Respondent, as Committee of the Person and Estate of JOHN K. CULLIN, an Incompetent, Deceased.

HERBERT M. COGSWELL et al., Appellants.

**Incompetent persons — judicial settlement of account of committee — erroneous allowance of counsel fee.**

Where it has been made to appear that the committee of an incompetent in the dutiful administration of his trust had necessarily incurred counsel fees and other expenses, the court is authorized in its discretion to provide for the payment of such sum to the committee, but not so in the absence of any proof whatever on the subject. (Code Civ. Pro. § 3240.)

*Matter of Maxwell,* 170 App. Div. 138, reversed.

(Argued April 14, 1916; decided April 25, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1915, which affirmed a decree of the Rensselaer County Court judicially settling the accounts of the committee of a deceased incompetent person.

The facts, so far as material, are stated in the opinion.

*Amasa J. Parker, Jr.,* for Herbert M. Cogswell, appellant. In the absence of statutory authorization, the court had no power to grant either attorney's fees or counsel fees and costs. (Code Civ. Pro. § 2338.) No statute authorized the court to grant either attorney's fees or counsel fees and costs either in the original or amended decree. (*Matter of Rapid Transit R. R. Comrs.,* 197 N.Y. 81, 110; *Matter of City of Brooklyn,* 148 N.Y. 107; *Matter of School Street,* 162 App. Div. 158; *Matter of Board of Water Supply,* 158 App. Div. 116; *Matter of Simmons,* 208 N. Y. 69; *Matter of Simmons,* 130 App. Div. 350; 195 N. Y. 573; *Matter of Town of Hempstead,* 125 App. Div. 219; 192 N. Y. 569; *Matter of Grade Comrs.,* 20 App. Div. 271.)

*Frederick E. Bowen* for respondent. The court has jurisdiction to make the allowance in question. (*Matter of Forkel*, 8 App. Div. 397; *Downing* v. *Whitney*, 46 App. Div. 307; *Matter of Grant*, 83 Hun, 25; *Matter of Blossom's Est.*, 7 N. Y. Supp. 360; *Matter of Forkel*, 9 App. Div. 397; *Downing* v. *Marshall*, 37 N. Y. 380; *Matter of Holden*, 126 N. Y. 589; *Wetmore* v. *Parker*, 52 N. Y. 450; *De Courval* v. *Ray*, 37 N. Y. 380; *Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 29 N. Y. 27.)

WILLARD BARTLETT, Ch. J. This is a proceeding under section 2344 of the Code of Civil Procedure for the final settlement of the accounts of the committee of a deceased incompetent person. The decree of the County Court of Rensselaer county, in which the proceeding was instituted, allows $1,583.53 to the committee "as his commissions and allowances herein;" $500 "as an extra allowance as committee of the estate and as committee of the person of said incompetent;" and $1,000 "for his counsel fees and costs in this proceeding." In the decree as originally framed, the last provision awarded the $1,000 to Frederick E. Bowen (who was counsel for the committee) "for his costs in this proceeding" instead of to Thomas F. Marshall, the committee himself, for his counsel fees and costs. This was changed by an order of amendment, which, together with the decree as amended, is brought up for review by the present appeal. It is the only portion of the decree challenged by the appellant.

Section 2338 of the Code of Civil Procedure entitles a committee of the property to the same compensation as an executor, administrator or testamentary trustee. In a special case, where his services exceed those of an executor or administrator, the Supreme Court or a County Court may award him such additional compensation therefor as it deems just. The items of $1,583.53 and $500 were evidently awarded to the committee under these provisions of section 2338.

There is no statutory authority, however, for the award of $1,000 for counsel fees and costs. Costs in a special proceeding are regulated by section 3240 of the Code of Civil Procedure, which prescribes that they may be awarded to any party in the discretion of the court at the rates allowed for similar services in an action brought in the same court. The allowance of $1,000 cannot possibly have been made under that section. Such an allowance is only permissible, in the exercise of the inherent power of the court, to defray expenses necessarily incurred by the committee in the faithful performance of his duties. This power exists in the Supreme Court, where its exercise in behalf of the testamentary trustees has been sustained upon the principle "that persons acting *en autre droit*, as executors, administrators, trustees, guardians, receivers, etc., are, upon a faithful execution of their trusts, to be indemnified out of the trust property, for all expenses necessarily incurred in the faithful performance of their duties." (*Downing* v. *Marshall*, 37 N. Y. 380, 388.) The same rule has been applied in favor of executors in a case where it was held to warrant the allowance of counsel fees as a part of the expenses of the trust. (*Wetmore* v. *Parker*, 52 N. Y. 450, 466.) Its existence was recognized more recently in *Matter of Application of Holden* (126 N. Y. 589). The expenses of the committee of an incompetent person fall within the reason of the rule, and a County Court has concurrent jurisdiction with the Supreme Court over the person and property of a resident of the county who is incompetent from any cause to manage his affairs. (Code Civ. Pro. § 340, subd. 4.)

If, therefore, it had been made to appear in the present proceeding that the committee in the dutiful administration of his trust had necessarily incurred counsel fees and other expenses to the amount of $1,000, the County Court would have been authorized in its discretion to provide for the payment of that sum to the committee,

but not so in the absence of any proof whatever on the subject. It is true that the learned judge who directed the entry of the decree may have had some personal knowledge of the committee's services, based upon the proceedings in court before him; but in the absence of proof he cannot have possessed any information which could properly form the basis of judicial action as to the obligations incurred by the committee to his counsel. If the committee desires reimbursement for special expenses of his trust, within the doctrine of the cases which have been cited, he can only obtain it upon legal proof of what those expenses are.

The order of the Appellate Division should be reversed, with costs, and the decree of the County Court modified by striking therefrom the allowance of $1,000; without prejudice, however, to an application to the County Court on proper proof for an allowance to the committee to indemnify him for his expenses and counsel fees.

HISCOCK, COLLIN, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Ordered accordingly.