In the Matter of the Petition of WILLIAM F. RHOADES and Others, Appellants, with Respect to the Property in New York of N. T. MANSFIELD, Also Known as NATHAN T. MANSFIELD, an Incompetent Person.

CLIFFORD BOESE, Special Guardian, Respondent.

First Department, November 8, 1918.

Incompetent persons — authority of court to permit committee of property of incompetent in this State to transfer same to committee in foreign State.

A petition by the committee of the property of an incompetent in this State, by the committee of the property in California, and also by the committee of the person of the incompetent in said State for an order allowing the New York committee of the property to pay over the same to the California committee should be granted, there being no creditors within this State and the incompetent not being either a citizen or a resident and there being no one in interest objecting.

Such a transfer is not prohibited by the Banking Law of this State and is within the chancery powers of the Supreme Court.

APPEAL by the petitioners, William F. Rhoades and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 13th day of August, 1918, denying their application for an order allowing a committee in New York to pay over to a foreign guardian in California the money of the incompetent on hand in this State after deducting commissions and expenses.

*Henry D. Merchant* of counsel [*A. Merchant, Jr.*, with him on the brief; *Merchant, Olena & Merchant*, attorneys], for the appellants.

*Clifford Boesé*, special guardian, for the respondent.

PAGE, J.:

The Berkeley Bank of Savings and Trust Company of California was heretofore appointed guardian of the property of N. T. Mansfield, a resident of California, and W. S. Wood of Berkeley was appointed guardian of the person. Thereafter it made application to be appointed committee of the property of said incompetent within New York State. The application was denied, the court finding that it was prohibited by section 223 of the Banking Law (Consol. Laws, chap. 2; Laws of 1914, chap. 369).

Thereafter, William F. Rhoades, a cousin and only relative of the incompetent in this State, made application for the appointment of himself as committee of the property in this State of the incompetent. The court appointed a special guardian to inquire into the matter, and thereafter, on his report, made an order appointing Rhoades committee of the property in this State of the incompetent.

The only property that the incompetent had in this State was money on deposit in the Bankers Trust Company amounting on January 1, 1917, to $16,043.10 bearing interest at the rate of two per cent.

The California guardian has possession of the real estate of the incompetent valued at $9,150 and personal property of the value of $76,553.45. A petition was made to this court by William F. Rhoades, as committee of the property of the incompetent in this State, the Berkeley Bank of Savings

and Trust Company, as committee of the property in California, and W. S. Wood, as committee of the person of the incompetent, for an order allowing the New York committee of the property to pay over to the California committee of the property. The learned justice at Special Term denied the application as a matter of law and not of discretion, holding that it was contrary to the policy of this court under the law to allow the property to be paid over to a foreign corporation.

No case has been called to our attention that so declares the policy of this court. Section 223 of the Banking Law declares the policy of the State to be that no corporation, other than a trust company organized under the laws of this State, shall have or exercise *in this State* the power to receive deposits of money in trust, or have or exercise *in this State* any of the powers specified in section 185, subdivisions 1, 4, 5, 6, 7 and 8, of the Banking Law, among which inhibited powers is to be appointed and to act under the order of a court of competent jurisdiction as committee of the estate of an incompetent person. (Subd. 6.) The prohibition contained in section 223 of the Banking Law is intended to safeguard the administration of trust estates within this State to such corporations as are amenable to the orders and directions of our courts. This was recognized and enforced when the court refused to appoint the California trust company the committee of the property of the incompetent within this State. The property being in the hands of a resident committee, it now appears that there were no creditors within this State, and the incompetent not being either a citizen of this State or a resident thereof, we should not charge ourselves with the administration of the portion of the estate that is here. If that should be attempted there would be a liability to conflict of authority, confusion in administration and an increase in expense. Proof having been made of the regularity of the appointment of the committee by a court of competent jurisdiction, in the State where the incompetent is living, and no one in interest objecting, as a matter of comity, the money held in this jurisdiction should be transferred to such committee that the estate may be administered as an entity under the supervision of the California courts. Such a transfer is not prohibited by the Banking Law of this State, and is within the chancery powers of this court.

The order should, therefore, be reversed and the motion granted. The matter remitted to the Special Term for the accounting of the committee of the property and appropriate order in accordance with this opinion.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed and motion granted and matter remitted to Special Term as stated in opinion. Order to be settled on notice.