In the Matter of the Judicial Settlement of the Account of Proceedings of JACOB GORDON, Committee of the Estate of ELEANOR OSGOOD, an Incompetent Person.

Supreme Court, New York Special Term, September, 1922.

Incompetent person — committee may not deduct commissions until final accounting — charges for attorney's fees and for filing annual inventory — annual inventory does not have the effect of an intermediate accounting.

Unless authorized by statute the committee of an incompetent may not deduct his commissions upon principal or income in advance of a judicial accounting

Supreme Court, September, 1922. [Vol. 119

had upon notice to all persons interested in the estate, and if he does he will be surcharged the amounts of such deductions with interest at six per cent at annual rests.

Until the committee has paid over the entire fund he is only entitled to half commissions for receipt and the remaining half for the disbursement of the funds.

The mere filing of an inventory account in the month of January in each year as required by section 1378 of the Civil Practice Act does not entitle the committee to commissions upon income as in the case of an executor or guardian.

Payments by the committee for counsel fees without permission of the court are at his personal risk of having the same disallowed upon an accounting.

Where there is a charge in the account of the committee for the employment of counsel which he has paid he must justify the charge by facts which will show that the amount so paid is fair and reasonable, and where no facts as to the nature of or the necessity for the employment of counsel appear further proofs must be submitted.

Where the account is silent as to any property of the incompetent in the city of Boston and nothing appears in explanation of the amount charged for a trip to that city, and there is no voucher showing payment thereof, further proof must be submitted.

The practice of employing counsel to apply for an order settling the account of the committee of an incompetent, who is a lawyer and apparently competent to perform the duties required of him in the preparation of the account, which is nothing but a consolidation of the various inventories which have been filed, condemned.

Where the committee made a charge of twenty-five dollars for the preparation and filing of annual inventories, the blank forms for which and for the account were supplied by the attorney-general without charge, and the examination of each inventory shows that such charge is not warranted, the account will be surcharged with the amount paid by the committee to himself in excess of ten dollars.

PROCEEDING to settle accounts of committee of an incompetent.

*William Allen*, for committee.

LYDON, J. Application is made by the committee for an order judicially settling his account and for a discharge. The committee was appointed pursuant to section 2323a of the Code of Civil Procedure on the application of the attorney-general, the incompetent person being an inmate of a state hospital. The committee was appointed in September, 1914. A bond was duly filed and a commission issued. The court on the return day of the application appointed a special guardian who, after filing his report, has since died. An examination of the petition upon which the committee was appointed discloses that the property of the incompetent person consisted of " a balance of $3,000 approximately, in a Trust Company in Boston, Massachusetts; and real estate value and encumbrance unknown." The first inventory filed by the committee shows that he received the sum of $2,437.96 inclusive of interest, and that he disbursed the sum of $710.81, and included in these disbursements is the sum of $84.82 for commissions to the

committee. The committee made this deduction of $84.82 for commissions upon the theory that he had a right to pay such commissions to himself upon receiving without an accounting. In this respect the committee is grossly in error. Commissions may only be allowed by the court upon an accounting. In this case the committee has paid to himself full commissions of five per cent, whereas he would be only entitled upon an accounting to the commissions upon the amount *received and disbursed.* Upon the accounting the committee would be entitled to receive one-half commissions for receiving, and the remainder when paid out, and then only when allowed by the court upon an accounting either intermediate or final. The filing of an inventory and account required of the committee under the provisions of the Civil Practice Act (§ 1378) are not intended to be an accounting, and are filed to afford the court information and are merely *ex parte* and not binding in any respect upon the incompetent. The error into which this committee has fallen is common. Committees appointed by the court seem to be of the opinion that when the fund is received by them that they are entitled to commissions immediately, and as a matter of common practice deduct their full commissions without any accounting. This practice should be stopped and such appointees should be held to strict account in matters pertaining to their duties. A committee is entitled to the same commissions which are allowed to trustees, executors and guardians. Code Civ. Pro. § 2338; Civil Practice Act, § 1376. These commissions are earned by a committee when the same are allowed by the court upon an accounting, either intermediate or final.

Section 2753 of the Code of Civil Procedure, now section 285 of the Surrogate's Court Act, provides: " On the settlement of the account * * * the surrogate must allow to him * * * and in addition thereto the surrogate *must allow* to such executor, administrator, guardian or testamentary trustee for his services in such official capacity, * * * For *receiving and paying out* all sums of money not exceeding one thousand dollars, at the rate of five per centum. For *receiving and paying out* any additional sums not amounting to more than ten thousand dollars, at the rate of two and one-half per centum. For all sums above eleven thousand dollars, at the rate of one per centum." This part of the section refers to the principal of the estate. Then follow the provisions as to the commissions on income, for it provides: " If an executor acting as trustee, or if a trustee or guardian, is required to receive income and pay over the same, and such executor, trustee or guardian pays over said income *and* renders an annual account *to the beneficiary* of all his receipts and disbursements on account

thereof, he *shall be allowed, and may retain*, the same commission on the amount so accounted for as he would be allowed upon principal on a judicial settlement; if he does not render such annual account, he shall be allowed, upon his judicial settlement, his commissions upon the total income from any money or property *then payable to such beneficiary.*"

The question, therefore, is, when is a committee authorized to pay himself the commissions he is entitled to? Concededly, the committee may not pay himself commissions on the principal of the estate until an accounting has been had, and that upon notice to all persons interested in the estate. *Matter of Stratton*, 76 Misc. Rep. 584. And, until he has paid over the entire fund, he is only entitled to half commissions for receipt, and the remaining half for the disbursement of the funds. *Matter of Smith*, 86 Misc. Rep. 136.

Another question presented is, does the filing of an " inventory account by committee " in the month of January of each year, as required by section 1378 of the Civil Practice Act, entitle the committee to commissions upon income as in the case of an executor, trustee or guardian? I think not. In the case of a trustee, section 285 of the Surrogate's Court Act infers two things in order that commissions be earned, namely: (a) pays over said income, and (b) renders an annual account to the beneficiary. The committee does not pay over the income nor does he render an account to the incompetent. The duties of a committee are so limited that he has very little discretion but to carry out the instructions given to him by the court. He is a mere bailiff or custodian. *Kent* v. *West*, 33 App. Div. 112; *Matter of Otis*, 101 N. Y. 580. True, it would be an idle ceremony to have a committee account to an incompetent person so as to bring him within the provisions of section 285 of the Surrogate's Court Act. Yet the statute is silent in that regard and nowhere does it provide that in filing the inventory and account as required by section 1378 of the Civil Practice Act, such filing, though for the information of the court, is tantamount to a rendition of an account to the incompetent for whom the court is acting. In the case entitled *Matter of Arnold*, 76 App. Div. 126, the court in discussing this point (at p. 128), said: " The annual accounts were required to be filed for the information of the court, and these proceedings for examining the accounts and requiring the filing of more full and complete accounts are *ex parte*, out of court, and not designed to be binding upon the incompetent person or those interested in his estate." The filing, therefore, of an inventory and account is not such an accounting as would be binding upon the incompetent or any one interested in his estate. If such be true, how can it be that a committee may deduct commissions

upon filing such inventory if such accounting is not binding upon those interested in the estate. It may be that where an examination of an inventory has been had by the official examiner or referee appointed by the appellate court under section 1379 of the Civil Practice Act (see *Matter of Arnold, supra*), payment of commissions may be approved and allowed by this court upon accounting, either intermediate or final; yet to place a committee in a position where he may be subjected to attack is a hardship. One of the resultant effects of the World War has been to increase tremendously the number of proceedings instituted in this court under section 1374 of the Civil Practice Act, and I have found in many instances that no examination of these accounts has been had. The committee, as a rule, is some relative of the incompetent, and is totally unfamiliar with his duties and fails to appreciate the full responsibility of his position, with the result that disbursements are made which are not warranted by statute. There is no evidence that any examination has been had in the instant case by any official examiner or referee. If our system is inadequate in this regard, there should be a statute which will be more effective than the method provided for by section 1379 of the Civil Practice Act. I am of the opinion that there should be created a special department, or a special deputy of the court should be assigned, to supervise and keep in touch with the various committees appointed and to advise the court of any delinquents, and by this method a proper control over committees may be had.

Upon the cases as I view them and in the absence of statutory authority I hold that the committee may not deduct commissions upon principal or income in advance of a judicial accounting, and in the instant case the committee is surcharged the amount of such deductions with interest at six per cent at annual rests. I might further add here that trustees are permitted to deduct commissions on income at annual rests, and their right so to do cannot be questioned under the authorities as I view them. *Beard* v. *Beard*, 140 N. Y. 260; *Conger* v. *Conger*, 105 App. Div. 589; *Hancox* v. *Meeker*, 95 N. Y. 528; *Matter of Mason*, 98 id. 527; *Matter of Martin*, 196 id. 415, modifying 133 App. Div. 893. The right to deduct commissions at annual rests to guardians has been refused. *Matter of Decker*, 37 Misc. Rep. 527. The committee with his limited powers pays out only upon instructions of the court, and in most instances for the support and maintenance of the incompetent.

Payments by a committee for counsel fees without permission of the court are at his own personal risk of having the same disallowed upon an accounting. *Matter of Maxwell*, 218 N. Y. 88. There is a charge in the account for the employment of counsel which has

been paid for by the committee. This charge is one against the committee which he must justify on this account by facts which would show that the amounts paid out to such attorneys are fair and reasonable. *Matter of Maxwell, supra.* No facts are presented which would inform the court of the nature of, or the necessity of the employment of counsel, and in this regard there must be submitted further proofs.

There is no explanation of the payment of seventy-five dollars for expenses on a trip by the committee to Boston. It may be that such trip was necessary, but there is nothing in the papers explaining this expenditure nor is there any voucher showing the payment thereof. On this item further facts may be presented.

It appears also that the committee, who is a lawyer, has charged the sum of twenty-five dollars for the preparation and filing of annual inventories. Blank forms of inventories and account are supplied to the various committees by the attorney-general for their convenience, without charge. An examination of each inventory shows that the amount charged is not warranted by, the work in their preparation, and a charge of ten dollars for each inventory would be substantial. The amount paid by the committee to himself in excess of this amount is surcharged him.

The committee in his affidavit states, " deponent intends to go to Boston within the next few days for the purpose of winding up the estate of the incompetent there." If the incompetent has any property in Boston, said property there should have been stated in the various inventories filed as well as in the present account. The account is silent as to any property of the incompetent in Boston. If there be any property, the proper practice of the committee is to obtain the same and have it turned over to himself as committee in New York where the incompetent is a resident and then seek his discharge here. The appointment of himself as conservator in Massachusetts was in effect ancillary, and similar no doubt to the appointment in this state of a foreign committee under section 1363 of the Civil Practice Act. If there be no claims against the incompetent person in Massachusetts, there is no doubt that the courts of that state will turn over such property to the New York committee, upon proof that a proper bond has been given. *Matter of Rhoades,* 184 App. Div. 658.

The final account, so called, is nothing but a consolidation of the various inventories which have been filed, and required no great amount of time to prepare. I am at a loss to understand why the employment of counsel was necessary in the present application when the committee is an attorney and apparently competent to do the work as he has done in the filing of the inventories. This

court has had occasion to condemn the practice of employing attorneys where, as in the instant case, the committee is a practicing attorney and competent to perform the necessary duties required of him in the preparation of the account. *Matter of Henkel*, N. Y. L. J. April 27, 1918, Greenbaum, J.

As indicated herein the committee may submit further proof as to the matters suggested, and the matter adjourned over to another date, to be placed on the calendar for disposition of motions, and may be referred to me on said day. As the special guardian has since died the order to be entered herein should provide for the appointment of another special guardian to continue in the proceeding for the protection of the incompetent.

Decreed accordingly.