In the Matter of the Judicial Settlement of the Accounts of the Committee of ANTHONY LONGO, an Incompetent Person.

JOHN H. DOMINICK, Appellant; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent.

Fourth Department, June 5, 1929.

*Eugene L. Dominick,* for John H. Dominick, successor committee, appellant.

*Charles A. White,* for the Fidelity and Deposit Company of Maryland, bondsman for the prior committee, respondent.

*Howard J. Dickey,* special guardian for Anthony Longo, incompetent.

*A. S. Thompson,* regional attorney, United States Veterans Bureau.

PER CURIAM. Sections 1376 and 1378 of the Civil Practice Act and section 285 of the Surrogate's Court Act furnish the only statutory authority for granting commissions or compensation to committees of incompetents. The allowances made by the court at the time of the filing of the accounts and affidavits in the several Januarys of 1922–1927, inclusive, were unauthorized. For no " judicial settlements " were then made and passed (Civ. Prac. Act, § 1376; *Matter of Arnold,* 76 App. Div. 126; *Matter of Osgood,* 119 Misc. 251.) Upon the final accounting the court had jurisdiction to make allowances for commissions and " additional

allowances." (Civ. Prac. Act, § 1376.) But in view of the fact that the referee's report shows that at the time of the final accounting, even crediting to the committee the $1,328.77 total allowances of 1922–1927, the funds left in the committee's estate were insufficient to the extent of $2,175.97 to pay what was due to the estate of the incompetent — and considering also the contents of the several affidavits filed by the committee with his accounts in each January, 1921–1926, inclusive, no commissions or additional allowances should have been granted to the deceased committee. Extended comment is unnecessary. (*Marvin* v. *Brooks*, 94 N. Y. 71; *White* v. *Rankin*, 18 App. Div. 293; affd., 162 N. Y. 622; *Dayton* v. *Johnson*, 69 id. 419; *Mandeville* v. *Reynolds*, 68 id. 528; *Matter of Cowen*, 152 App. Div. 108; *Potomac Ins. Co.* v. *Kelly*, 173 id. 791; *Matter of Quinn*, 16 Misc. 651; *Ithell* v. *Malone*, 154 N. Y. Supp. 275; *Matter of Maxwell*, 218 N. Y. 88.)

Inasmuch as the surety must make up the deficiency, and since a final accounting must have been had under any circumstances, we deem it equitable that the final accounting expenses should come out of the estate.

Appended is a statement of the account as we approve and pass it. The balance stated should be paid by the surety to the successor committee and the committee should pay the expenses of the final accounting as allowed by the learned Trial Term.

|  | Disbursements. | Receipts. |
|---|---|---|
| 1921–1926................. | $474 26 | $14,150 99 |
| Paid to successor committee................. | 1,671 79 | |
| Mortgage investments.... | 8,500 00 | |
|  | $10,646 05 | Balance.... $3,504 94 |

The order appealed from should be modified as indicated, and as modified affirmed, with costs to appellant against respondent.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order modified in accordance with the opinion, and as modified affirmed, with costs to the appellant.