In the Matter of the First Intermediate Judicial Accounting of FIRST BANK AND TRUST COMPANY OF UTICA, as Committee of the Property of MARGARET GRACE MARTIN, an Incompetent Person.

Supreme Court, Oneida County, October 13, 1929.

*Miller & Hubbell* [*Arthur Evans* of counsel], for the committee.

*H. J. Cookinham, Jr.*, special guardian, for the incompetent.

DOWLING, J.   On the 13th of October, 1917, the Oneida County Trust Company was appointed committee of the property of the above incompetent, then and now an inmate of the Utica State Hospital.   The First Bank and Trust Company, by appropriate proceeding, succeeded the Oneida County Trust Company as such committee.

The committee instituted the above proceeding for an intermediate judicial settlement of its accounts as committee of the property of said incompetent.   Upon the institution of the proceeding Col. H. J. Cookinham, Jr., was appointed special guardian of the incompetent.   The instant proceeding is the first intermediate judicial accounting rendered by the committee.   The Oneida County Trust Company and the petitioner have filed, in January of each year, the inventory, account and affidavit required by law to be filed by committees of the estates of incompetents.   In each of the years the committee has paid to itself commissions on the amount of income received and paid out, not including the amount of the commissions so paid itself, as a part of the income paid out.   It appears from the account filed that the committee has deducted and retained as commissions the sum of $725.96.   It now asks commissions on this sum of $725.96 at the same ratio as commissions are allowable upon income received.   The special guardian, in his report, among others, raises the following objections to the account as filed, viz.:

(1) The committee of the above incompetant was not authorized, annually, to compute and retain commissions on the amount of income received and expended by it.

(2) A committee is not entitled to commissions on the commissions deducted and retained by itself during any year.

These objections merit serious consideration.   It has been the practice of committees in this community for many years, when

they file their annual inventory and account to deduct and retain commissions upon the amount of income received and disbursed by them as permitted by the following rule of the Oneida County Court: " 1. Committees may, if desired, retain commissions on annual income actually received and disbursed, and upon funds of the estate generally, which have been both received and also paid out." This practice apparently has never been criticised by the official examiner of the accounts of committees in this county so far as the papers before me reveal.

There are three provisions of the statute relating to commissions of executors, administrators, guardians, testamentary trustees and committees of the estates of incompetents. The first provision is section 285 of the Surrogate's Court Act, paragraph 8, which is as follows: " If an executor acting as trustee, or if a trustee or guardian, is required to receive income and pay over the same, and such executor, trustee or guardian pays over said income and renders an annual account to the beneficiary of all his receipts and disbursements on account thereof, he shall be allowed, and may retain, the same commission on the amount so accounted for as he would be allowed upon principal on a judicial settlement; if he does not render such annual account, he shall be allowed, upon his judicial settlement, his commissions upon the total income from any money or property then payable to such beneficiary."

The next is section 1376 of the Civil Practice Act, which is as follows: " Compensation of committee. A committee of the property is entitled to the same compensation as an executor, administrator or testamentary trustee. But in a special case where his services exceed those of an executor or administrator, the supreme court or a county court within the county may allow him such an additional compensation for such additional services as it deems just. The compensation of a committee of the person must be fixed by the court and paid by the committee of the property, if any, out of the funds in his hands. The additional compensation authorized by this section may be allowed to the committee upon any judicial settlement made by him, and shall be for such additional services up to and including such settlement."

The third is section 1378 of the Civil Practice Act, which is in part as follows: " Inventory and account by committee. The provisions of the Surrogate's Court Act (§§ 190, 191 and 285, par. 8) requiring the general guardian of an infant's property, appointed by the surrogate's court, to file in the month of January in each year an inventory, account and affidavit, and prescribing the form of the papers so to be filed, *and awarding and determining the amount of the commissions of such guardian,* apply to a committee

of the property appointed as prescribed in this article. For the purpose of making that application, the committee is deemed a general guardian of the property; the person with respect to whom he is appointed is deemed a ward  *  *  *."

Section 1376 of the Civil Practice Act provides that a committee of the property is entitled to the same compensation as an executor, administrator or testamentary trustee. Section 285, paragraph 8, of the Surrogate's Court Act provides that if an executor acting as a trustee, or as a trustee or guardian, is required to receive income and pay over the same, and if they pay over the income and render an annual account to the beneficiary of their receipts and disbursements, they shall be allowed and may retain the same commissions on the amount so accounted for as they would be allowed upon principal on a judicial settlement, and if they do not render such annual accounts, they would be allowed upon judicial settlement, the commissions, upon the total income from any money or property then payable to such beneficiary. It is conceded here that the committee never presented to the incompetent person a copy of the annual inventory and account filed by it.

The committee contends that the filing of the annual inventory and account is a rendering of the account to the incompetent, within the meaning of paragraph 8 of section 285 of the Surrogate's Court Act. The special guardian contends to the contrary, claiming that the inventory and account is not rendered to the incompetent unless a copy thereof is personally served upon such incompetent.

Section 1378 of the Civil Practice Act makes the provisions of the Surrogate's Court Act, namely, sections 190, 191 and 285, relating to accounts to be filed by guardians, applicable to committees of the estates of incompetents so as to require them to file in January of each year an inventory, account and affidavit relative to the estates of their incompetents. That section further provides that for the purpose of applying the provisions of the Surrogate's Court Act to the committees of incompetents they are deemed general guardians of the property of their incompetents and the incompetents are deemed wards.

The order appointing the committee herein contained the following provisions:

" And it is further ordered, that it as such committee, from the funds which may remain in its hands, after making the payment aforesaid, and after deducting the commissions allowed to it by law, and from any funds or property which may hereafter come into its hands as such committee, pay to the treasurer of the Utica State Hospital, or to the officers entitled to receive the same in

behalf of the said State of New York, such sums of money as may be now due and may hereafter become due, for the support and maintenance of said incompetent person and to reimburse said State for expenses heretofore incurred for her support and maintenance.

" And it is further ordered, and all persons are hereby directed and commanded to deliver to the said committee upon demand and presentation of a certified copy of this order and a certificate of the Clerk of the said County of Oneida, that the bond required herein has been duly filed and recorded, all the property of the said incompetent person, of every kind and nature which may be in their possession or under their control, including all papers, moneys, evidences of indebtedness, and all deeds and paper writings relating to such property, and also all pass books showing deposits with saving banks or other institutions and all moneys in her name or in which she is interested.

" And it is further ordered, that Oneida Trust Company as such committee shall during the month of January in each year make and file with the Clerk of this Court and with the Superintendent or officer having special jurisdiction over the institution where said incompetent person is confined, a just and true inventory, verified as required by law of the estate of Margaret Grace Martin the said incompetent, showing the estate, real and personal, and the income and profits received or derived therefrom, also the debts and credits of the said Margaret Grace Martin so far as the same shall have come to the knowledge of Oneida Trust Company as such committee.

" And it is further ordered, that at the time of making and filing such inventory a copy thereof shall be mailed to the Superintendent of the Utica State Hospital."

An executor, trustee or guardian may deduct and retain commissions or income received and disbursed by them, only in the event: (a) If they are required to receive income and pay over same; and (b) if they render an annual account to the beneficiary of their receipts and disbursements. From the order appointing the committee herein, such committee was directed to receive and to disburse, for the maintenance of the incompetent, the income of the incompetent's estate, after first deducting the commissions allowed by law to said committee. The special guardian contends that the order, in so far as it attempted to empower the instant committee to deduct commissions, was improvidently made.

In September, 1922, in *Matter of Osgood* (119 Misc. 251), Justice LYDON held that the committee of an incompetent person may not deduct his commissions upon principal or income in advance of a judicial accounting had upon notice to all persons interested in the estate and if he does he will be surcharged the amounts of

such deductions with interest at six per cent at annual rests. This decision upset the practice of committees of incompetents deducting and retaining commissions upon the filing of their annual inventories and accounts. Apparently in an effort to avoid the effect of this decision, in 1927 the Legislature amended section 1378 of the Civil Practice Act by inserting therein, after the word " filed " in the fourth line of said section, the words " *and awarding and determining the amount of the commissions of such guardian.*" Counsel for the committee contends that by said amendment the Legislature authorized and empowered committees to deduct and retain their commissions on amounts received and disbursed by them annually. The special guardian contends that said amendment of 1927 is merely descriptive and that it does not authorize or empower committees of incompetents to deduct and retain commissions upon amounts of income received and disbursed by them annually. The position of the special guardian is well taken.

The contention of counsel for the committee that the filing of the annual inventory and account constitutes a rendering of the account to the beneficiary is untenable. (*Matter of Osgood*, 119 Misc. 251, 254, and cases therein cited.) This being the case, the deductions of the committee for commissions at annual rests was contrary to the statute.

Section 1378 of the Civil Practice Act simply makes the said provision of the Surrogate's Court Act apply to the committees solely for the purpose of compelling them to file an annual inventory and account as is required of guardians. The committee is deemed, for that purpose, to be a guardian and the incompetent a ward. In other words, section 1378 of the Civil Practice Act converts committees and incompetents into guardians and wards for the limited purpose of requiring committees to file the inventory and account required of guardians. If the Legislature intended, by the said amendment of 1927, to authorize committees of incompetents to deduct commissions annually on income received and disbursed by them, it fell far short of effecting its purpose. No such intention is discoverable in the language of section 1378 of the Civil Practice Act. The said amendment of 1927 is merely descriptive of the provisions of the 8th paragraph of section 285 of the Surrogate's Court Act. Under the present state of the law the committee of an incompetent is not authorized, even upon rendering an account annually to the incompetent, to deduct commissions for income received and disbursed by such committee, the rule of the County Court to the contrary notwithstanding. A committee of the estate of an incompetent is only entitled to receive commissions upon an intermediate or final judicial settlement of the account of

said committee. (*Matter of Osgood, supra; Matter of Longo,* 226 App. Div. 285.) In *Matter of Longo* (*supra*, Fourth Department) an examination of the record on appeal discloses the fact that when the court used the word " allowances " it had in mind both " commissions and allowances." If the committee were authorized to deduct and retain commissions annually upon income received and disbursed, I doubt very much if it would be entitled to commissions for paying commissions to itself. It is not necessary to decide that question now.

In view of the fact that the committee here acted in good faith and pursuant to the said order of the court in deducting commissions annually upon amounts of income received and disbursed by it, the account of the committee should not be surcharged with said commissions so deducted or with interest thereon. Under the peculiar circumstances in this matter, the sums already deducted by the committee as commissions are allowed as commissions for this intermediate accounting.

This holding will work hardship on committees of incompetents but they must find relief through legislative enactment as the court is powerless in the matter.

All of the other objections raised by the special guardian have been heretofore passed upon. The account of the committee as presented, with certain modifications which have been agreed upon, is approved and an intermediate decree of judicial settlement should issue accordingly.

Ordered and decreed accordingly.