SANFORD JARETT, Plaintiff, *v.* ISIDORE W. GOTTLIEB, as Committee of the Estate of SIDNEY GOTTLIEB, an Incompetent, Defendant.

City Court of New York, New York County, March 5, 1941.

294

*Harry Malter*, for the plaintiff.

*Philip I. Schick*, for the defendant.

COLEMAN, J. This is an action by an attorney against the committee of the property of an incompetent person to recover for professional services performed by the attorney to the committee in several matters in which the incompetent's estate was concerned. The services were all performed in the course of the administration of the incompetent's estate and pursuant to order of the Supreme Court, the court of administration. There was a verdict for the plaintiff, which the committee moves to set aside on the ground, among others, that this court is without jurisdiction to carry on an inquiry into the nature of the services and their value.

The plaintiff is no longer acting as attorney for the committee. Another attorney, by order of the Supreme Court, was substituted in his place, and by that order the plaintiff was given leave " to bring an appropriate action or proceeding " against the defendant, as committee, for services rendered to that committee. It is upon the basis of that order that this action was commenced, and it is upon that order that the plaintiff relies for his jurisdictional ground. In his brief he states that the only prerequisite for the bringing of an action in this court was the permission of the Supreme Court, and he points to the allegation in his complaint, which was admitted in the answer, that he " was duly granted leave to bring this action." But, of course, the question of jurisdiction is not disposed of by admissions in pleadings and the defendant has, in fact, raised the question by several motions in the course of the trial.

The question is not so much one of jurisdiction as of appropriateness of procedure. Is this an appropriate action? I think not. The plaintiff agrees that if he were to recover he could not issue execution against the committee. (*Matter of Heller*, 3 Paige, 199.) He recognizes that before he can receive payment he would have to present the judgment for allowance to the Supreme Court

administering the incompetent's estate; that that court would be free — would, indeed, be required — to examine into the worth of the plaintiff's services. Indeed, in the early case of *Matter of Heller* (*supra*, 201) the chancellor ruled that although a plaintiff had received a judgment against the committee in an action at law and afterwards " come here for the payment of his claim, he must again establish it in such manner as this court may think proper to prescribe."

The objections to a plenary action at law in a case of this kind are apparent. The plaintiff's services were rendered for the benefit of the estate and are a charge against the estate. (*Matter of Maxwell*, 218 N. Y. 88.) The action here is against the committee as such, *i. e.*, against the estate; it is not brought against the defendant as an individual to enforce his personal liability. It is questionable whether an action at law lies at all against the committee as such for an obligation incurred not by the incompetent himself but by the committee in the course of administration. (Cf. *O'Brien* v. *Jackson*, 167 N. Y. 31; *Kent* v. *West*, 33 App. Div. 112, 119.) But assuming it does, a court of law in litigation between attorney and committee cannot dispose of the controversy adequately. It can know only that certain services were performed and it can attempt to measure the value of those services by the results achieved. In an ordinary case this might be sufficient, but a proceeding to determine the value of the services of an attorney to the estate of an incompetent stands upon a different footing. The entire value of the estate, the extent to which it has been benefited by those services, the extent of other expenses of administration, the nature of the claims against the estate, the annual income to the estate, the age and needs of the incompetent and the needs of his family — all these are factors which must be taken into consideration in determining the value of an attorney's services. (Civ. Prac. Act, §§ 1357, 1376; *Matter of Otis*, 101 N. Y. 580.) Moreover, the incompetent is a veteran of the World War, his incapacity results from war service, and so the United States Veterans' Administration should properly be heard upon an application of this kind. (Civ. Prac. Act, art. 81-A.) And, obviously, a court of law has no power to inquire into these factors, no machinery with which to deal with them. Only the court to which is intrusted the care of the incompetent and the custody of his property is able to inquire into these factors. Indeed, to quote from the decision in *Kent* v. *West* (*supra*), where, although the precise point was not presented, the court dealt comprehensively with the questions involved here, " an action at law cannot be maintained against the guardian or committee in his official capacity, upon

the contract made " (p. 118); and " even if it can be maintained * * * is worse than useless, and ought not to be encouraged " (p. 119).

In *Kent* v. *West* the court indicated the proper procedure to be followed — either a suit in equity, where all parties interested can be heard and all aspects of the question examined into — or, preferably, a summary petition by the attorney to the court of administration to have his fees fixed and allowed (pp. 119, 120). Either method of procedure should be followed here. The plaintiff was given leave " to bring an appropriate action or proceeding." An action at law is inappropriate; it " is worse than useless " and an imposition upon the court. The plaintiff might have brought a suit in equity or moved in the proceedings themselves. Although the Supreme Court, upon the application for substitution of attorneys, had the power to fix the fees of the attorney it did not do so; but it permitted the filing of another application in the proceedings for that purpose or the commencement of a suit in equity.

The entire discussion in *Kent* v. *West* of the very question involved here would be sufficient to dispose of the case but for the plaintiff's insistance that the judgments in *Grant* v. *Humbert* (114 App. Div. 462) and *Matter of Shapiro* (253 id. 741) compel a contrary conclusion. Each of these cases cites *Kent* v. *West*, and in *Grant* v. *Humbert* the court repeated the view expressed in the earlier case that a summary application in the proceedings was to be favored. It stated that " the established practice with respect to the enforcement of claims against an incompetent person for whom a committee has been appointed, is to present a petition to the court praying that the claim be allowed and paid, or, in the alternative, that leave be granted to sue thereon " (p. 465). It thereupon permitted the plaintiff to prosecute to final judgment an action upon a note made by the incompetent and which had been brought before incompetency proceedings. The committee, of course, was to defend, and " a judgment, if recovered, can only be enforced by application to the court " (p. 465). The case illustrates the difference between the fixing of an attorney's fee for services rendered in the course of administration and the determination of the single question whether the incompetent before incompetency proceedings had incurred a specific obligation to a claimant. A court of law is entirely competent to pass upon such a question and an action at law, with the court's permission, in such a case, would be " appropriate," even though payment would have to await approval of the Supreme Court. *Matter of Shapiro* is to the same effect. The record on appeal shows that the application was based upon two loans alleged to have been made by the

claimant to the incompetent before incompetency proceedings and the petition was either to have the claim allowed or to permit the claimant to sue. The petition also disclosed the income of the incompetent in an effort to satisfy the court that payment could conveniently be made. The Appellate Division ruled that although the County Court was justified in refusing the direct payment of the petitioner's claim, the petitioner was entitled to an order permitting her to sue. The nature of the suit was not indicated, but again an action at law wou'd not be inappropriate.

The present action was not indicated in the order of the Supreme Court, and, since permission is a prerequisite, it cannot be maintained. The verdict will be set aside and the defendant's motion to dismiss is granted.