Arthur Gf. Klein, J.
There are four summary subproceedings by United States Trust Company of New York, as substituted trustee of the four trusts herein, for orders compelling the attorney for the removed trustee to restore to the trusts the *391 counsel fees disallowed on the accountings of the removed trustee. These are four motions by the substituted trustee for final orders. The identical question being presented in each of the four subproceedings, this determination will apply in each subproceeding and in each motion.
The charges filed by the substituted trustee, and upon which it predicates its right to recover the moneys in question, have been found sufficient by this court, the attorney for the trustee having been afforded ample opportunity to answer such charges and present his defense, if any. His answer to the statement of the charges consists mainly of his contention that the moneys he received from the trustee were received by him in his professional capacity, as attorney for the trustee under a retaining agreement between him and the substituted trustee. He concedes that the amount paid him as such fees was never approved by any court. He claims that the moneys received by him were the reasonable value of the services rendered by him in the four trusts, but he fails to present any facts to show what services he rendered, the extent and importance of such services, or what benefit, if any, was conferred on the trust estates by his services. Certainly his bald statement that his services were of the reasonable value of the amount received furnishes no sufficient reason for withholding the relief requested by the substituted trustee. This court, in the accounting proceedings, has found that the retaining agreement upon which this attorney relies “ was and is of no force or effect to bind the trust or any person interested therein.”
Neither is the court able to agree with the contention of the attorney that the present procedure is improper and that a plenary action is indicated. The language of Mr. Justice Colemau in Jarett v. Gottlieb (176 Misc. 293, 295) is especially appropriate, although that was an action between attorney and committee. “ [A] court of law in litigation between attorney and committee cannot dispose of the controversy adequately. It can know only that certain services were performed and it can attempt to measure the value of those services by the results achieved. In an ordinary case this might be sufficient, but a proceeding to determine the value of the services of an attorney to the estate of an incompetent stands upon a different footing.”
It is a familiar principle of trust law that the propriety of fees to be paid for legal services of trustees must be passed upon by the court (Matter of Myer v. Myer, 189 Misc. 406, affd. 272 App. Div. 814, mot. for lv. to app. dsmd. 297 N. Y. 584).
In Wetmore v. Porter (92 N. Y. 76, 81-82) the following language appears: “ Whoever receives property knowing that it is *392 the subject of a trust, and has been transferred in violation of the duty or power of the trustee, takes it subject to the right, not only of the cestui que trust, but also of the trustee to reclaim possession of the specific property, or to recover damages for its conversion in case it has been converted.” (See, also, Be statement, Trusts, § 297.)
The opinion of Surrogate Wingate in Matter of Rosenberg (169 Misc. 92) is applicable here. There an insolvent fiduciary had paid out trust funds to her counsel in excess of the amount allowed. The learned Surrogate, after pointing out that a trustee may not bind the trust estate by a retaining agreement, continues (p. 96): “ In so far as estate assets are used by him for a purpose not coming within this description, such act obviously amounts to a diversion thereof * * * which diversion he must repair under penalty not only of pecuniary enforcement but of personal incarceration.”
The cases in opposition cited by counsel, such as Matter of Eldridge (82 N. Y. 161) involving disbarment proceedings, are not controlling here. The same is true of cases involving litigation between attorney and client, when the attorney was not acting in his professional capacity. The substituted trustee is entitled to the final orders prayed for.